# ESSANAY FILM MANUFACTURING COMPANY *v.* KANE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 70. Submitted November 10, 1921.—Decided April 10, 1922.

A suit in the District Court to enjoin the defendant from further prosecuting a suit against the plaintiff in a state court, upon the ground that the process served in the state court was void and was not due process of law within the meaning of the Fourteenth Amendment, is forbidden by Jud. Code, § 265. (Rev. Stats., § 720). P. 360.

264 Fed. 959, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree of the District Court, which dismissed the bill in a suit brought by the appellant to restrain the appellee from prosecuting an action in a state court.

*Mr. William M. Seabury* for appellant.

No appearance for appellee.

MR. JUSTICE PITNEY delivered the opinion of the court.

The appellee William R. Kane, a citizen and resident of New Jersey, having in the year 1917 commenced in the Supreme Court of that State an action at law against appellant, a corporation of Illinois, seeking recovery of $20,000 damages for conversion of certain personal property, and having sought to acquire jurisdiction over defendant *in personam* by service of the summons and complaint upon the Secretary of State, under a statute that made him the proper official to be served, in the absence of a person designated by the company itself in the year 1910 as its agent upon whom process against the corporation might be served; and appellee having proceeded in the action to the extent of causing an interlocutory judgment to be entered against the company

in default of its appearance to answer the complaint, and being thereupon entitled under the state practice, in the absence of objection, to take further proceedings and through an assessment of damages to procure a final judgment, appellant brought this suit in equity in the United States District Court for New Jersey, praying an injunction to restrain further prosecution of the action at law by appellee, upon the ground that his alleged cause of action, if any, arose outside the State; that appellant did not then or at any time transact business within the State; that it had designated an office and named a local representative in 1910, and made a proper statement to enable it lawfully to transact business in that State in compliance with the state law, for a temporary purpose which had expired; that while such agency for receipt of process against appellant continued, it related only to actions arising out of business transacted in the State; that the attempted service of process upon the Secretary of State, as appellant's agent, was void and of no effect and was not due process of law within the meaning of the Fourteenth Amendment; and that appellee's threatened prosecution of his suit to final judgment would result in a taking of appellant's property without due process of law, to its irremediable injury.

Appellee answered, alleging in substance (among other things) that he had a good cause of action arising out of a conversion of personalty intrusted to appellant in the course of business transacted by it; that appellant had made itself subject to the laws of New Jersey by voluntarily filing a certificate enabling it to transact business in that State, and could not limit the effect of such filing; and that under the laws of that State the service of the summons and complaint upon the Secretary of State was good service and conferred upon the Supreme Court jurisdiction over appellant.

The cause came on for final hearing upon the bill and answer and a stipulation of the parties that the matters set forth in those pleadings should be taken as the facts in the case; whereupon the District Court held that the proceedings in the state court were within the letter and spirit of the prohibition of § 265, Judicial Code, which reënacted § 720, Rev. Stats.: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." 256 Fed. 271. The Circuit Court of Appeals affirmed the decision upon the same ground, 264 Fed. 959; and an appeal brings the case here.

In this court, as in the courts below, appellant's chief reliance is upon *Simon* v. *Southern Ry. Co.,* 236 U. S. 115. Without intimating that in other respects the cases are parallel, it is a sufficient ground of distinction that this is an attempt to use the process of the federal court to restrain further prosecution of an action still pending in a state court, while that cited was a case of enjoining a successful litigant from enforcing a final judgment of a state court held void because procured without due process. As was pointed out in that case, pp. 123 *et seq.,* the prohibition originated in the Act of Congress of March 2, 1793, c. 22, § 5, 1 Stat. 334, was based upon principles of comity, and designed to avoid, inevitable and irritating conflicts of jurisdiction. But when the litigation in the state court has come to an end and final judgment has been obtained, the question whether the successful party should in equity be debarred from enforcing the judgment, either because of his fraud or for the want of due process of law in acquiring jurisdiction, is a different question, which may be passed upon by a federal court without the conflict which it was the purpose of the Act of 1793 to avoid.

That appellant's objection to the action sought to be restrained rests upon a fundamental ground and one based upon a provision of the Constitution of the United States, does not render the effort to stay proceedings in the state court any the less inconsistent with § 265, Judicial Code. That section would be of little force did it not apply to cases where, save for its prohibition, good ground would exist for enjoining the prosecution of a pending suit. And, as to the federal question involved, Congress at all times, commencing with the first Judiciary Act (September 24, 1789, c. 20, § 25, 1 Stat. 73, 85), has maintained upon the statute book such provisions as it deemed needful for reviewing judicial proceedings in the state courts involving a denial of federal rights, but has confined them to a direct review by this court, and deferred this until final judgment or decree in the state court of last resort. At the same time, since 1793, the prohibition of the use of injunction from a federal court to stay proceedings in a state court has been maintained continuously, and has been consistently upheld. *Hull* v. *Burr*, 234 U. S. 712, 723, and cases cited. In exceptional instances the letter has been departed from while the spirit of the prohibition has been observed; for example, in cases holding that, in order to maintain the jurisdiction of a federal court properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined. *French* v. *Hay*, 22 Wall. 250; *Dietzsch* v. *Huidekoper*, 103 U. S. 494, 497; *Julian* v. *Central Trust Co.*, 193 U. S. 93, 112; *Madisonville Traction Co.* v. *St. Bernard Mining Co.*, 196 U. S. 239, 245; *Looney* v. *Eastern Texas R. R. Co.*, 247 U. S. 214, 221. The effect of this, as will be observed, is but to enforce the same freedom from interference on the one hand, that it is the prime object of § 265 to require on the other.

Besides a challenge of the jurisdiction of the state court for want of due process over defendant *in personam*, to be

interposed in that court, and, if overruled, followed by invoking the revisory jurisdiction of this court, the final judgment may be questioned collaterally, if in truth there be a want of due process, either defensively, as in *Pennoyer* v. *Neff*, 95 U. S. 714, 723–733; see, also, *York* v. *Texas*, 137 U. S. 15, 20–21; *Western Indemnity Co.* v. *Rupp*, 235 U. S. 261, 273; *Baker* v. *Baker, Eccles & Co.*, 242 U. S. 394, 401–403; or by adopting the more aggressive method pursued in *Simon* v. *Southern Ry. Co., supra;* see, also, *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175, 183–185. In short, observance by the federal courts, towards litigants in the state courts, of the comity prescribed by § 265, requires orderly procedure but involves no impairment of the substance of constitutional right.

The case before us presents no exceptional feature, and the courts below correctly disposed of it.

*Decree affirmed.*