**RUSSELL, State Treasurer of Nevada, et al.
v. DETRICK, Insurance Commissioner
of California, et al.**

Circuit Court of Appeals, Ninth Circuit.
December 5, 1927.

No. 5236.

1. **Courts** ☞493(3)—Pending suit in state court held not to exclude jurisdiction of federal court of suit by others, not parties to state suit, relating to same subject-matter, but not affecting possession.

Makers of notes and mortgages to corporation brought suit in state court against said corporation and another, to which they had been assigned for cancellation of the securities for fraud. The assignee had deposited the instruments with the state treasurer, as required by law in its business of insurance. The state court appointed receivers for the corporations with power to exercise control over "Their rights" in the instruments, but leaving possession in the state treasurer until further order. *Held*, that such suit did not exclude jurisdiction of a federal court to entertain a suit by others, not parties to the state suit, but claiming an interest in the securities, to determine their rights.

2. **Courts** ☞508(2)—Federal court held without jurisdiction to enjoin further prosecution of pending suit to cancel securities in state court (Jud. Code, § 265 [28 USCA § 379]).

A federal court *held* prohibited by Judicial Code, § 265 (28 USCA § 379), from enjoining further prosecution of a pending suit in a state court for cancellation of securities.

Appeal from the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Suit in equity by Charles S. Detrick, as Insurance Commissioner of the State of California, and others, against George B. Russell, as State Treasurer of the State of Nevada, and others. Defendants appeal from an order granting a preliminary injunction. Reversed.

This is an appeal from an order of the court below granting a temporary injunction. The effect of the injunction was to stay proceedings which had been begun in a state court of the state of Nevada. On November 4, 1926, the appellants, Matzdorf and wife, brought a suit in that court against the National Land Valley Guaranty Company, the National Land Insurance Company, and the Title & Trust Company of Nevada, all corporations of that state, and also against the state treasurer of the state of Nevada, for the cancellation of a note for $20,000, of date December 19, 1925, and the trust deed securing the same, made by the Matzdorfs in favor of the National Land Valley Guaranty Company, and by the latter assigned to the National Land Insurance Company, on the ground that the note and trust deed were procured through fraudulent misrepresentations made by certain agents of the National Land Valley Guaranty Company. Upon the commencement of the suit, the state court appointed a receiver of the property of the two last-named corporations. On November 18, 1926, the receiver, under order of said court, took over the custody and control of all the assets in the state of Nevada belonging to said two corporations, but the order provided in terms that the authority of the receiver was to "include the exercise and control of any and all rights which said defendants may have under, by virtue of, or relative to the contract, note, mortgage, or trust deed involved in the action. Said note, mortgage, or trust deed, however, being subject, until the final determination of the action, to the custody of the state treasurer of the state of Nevada." On January 11, 1927, 19 similar actions were commenced in said state court against the same defendants, by others of the appellants herein, whose notes and securities given to the National Land Valley Guaranty Company had been assigned to the insurance company.

In the present suit, which was brought in the court below, the appellees sought to enjoin each of the appellants, who were plaintiffs in the said actions in the state court, from taking any steps or proceedings looking to the cancellation of said notes or trust deeds, and sought to restrain the state treas-urer, both as an individual and as an officer of the state of Nevada, from surrendering any of said securities to any of his codefendants until the further order of the court.

The insurance commissioner of California, with whom joined two policy holders, were the plaintiffs. The complaint alleged that the National Land Insurance Company of Nevada was organized with authority to issue policies on land values and receive premiums therefor; that it applied to the insurance commissioner of California for a license to issue its policies of insurance in that state, and represented to said commissioner that it had complied with the laws of Nevada by depositing securities with the secretary of state of that state, the same being the securities which are the subject of the present litigation; that, relying on such representation, the insurance commissioner granted such license to do business in and to issue policies in the state of California, and in pursuance thereof the said insurance company issued various policies on land values in California to the amount of $1,000,-000, and that in conducting said business it incurred in California a debt of $25,000, which is still unpaid.

The complaint further alleged that the notes and securities issued by the individual appellants herein, Matzdorf and others, while they amounted in the aggregate to $205,000, had an actual value of not more than $115,000, and that the makers of said instruments now threaten to take steps to cancel all said notes and securities, and to require the state treasurer of Nevada to surrender the same for cancellation, although they were all well aware at the time thereof that the application of the insurance company to do business in California was based upon its representation to the insurance commissioner of that state that it had said securities on deposit in the office of the state treasurer of Nevada. The temporary injunction enjoined and restrained all the appellants herein from canceling any of the notes, mortgages, or securities described in the bill, and from taking any steps or proceedings looking to a cancellation of the same, until the further order of said district court. Subsequently the appellant Russell, as state treasurer of Nevada, was substituted for Malley, who held that office at the commencement of the proceedings.

M. A. Diskin, Atty. Gen., of Nevada, for appellant Russell.

Charles Lee Horsey, of Las Vegas, Nev. and Brown & Belford, and George S. Brown, all of Reno, Nev., for other appellants.

U. S. Webb, Atty. Gen. of California, and John H. Riordan, Asst. Atty. Gen. of California (Lyon, Fleming & Robbins and David R. Rubin, all of Los Angeles, Cal., of counsel), for appellees.

Before GILBERT, RUDKIN, and DIE-TRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellants contend that the injunction order is violative of the settled rule that the tribunal where jurisdiction first attaches holds it to the exclusion of all other courts until its duty is fully performed and the jurisdiction involved is exhausted, and that, where a court of competent jurisdiction has taken property into its possession through its officers, the property is withdrawn from the jurisdiction of all other courts, and the latter are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. The situation presented to the court below was this: The appellants here had suits pending in the state court, the purpose of which was to cancel notes and securities held by the insurance company, and which presented controversies wholly between the plaintiffs therein, who were the makers of those instruments, and the defendants therein, who were the payees and owners thereof. Subsequently the appellees brought a suit in the court below to assert the rights which they had in those notes and securities and to prevent the cancellation thereof. They had the right to bring an original suit for that purpose, for they were not parties to the suits in the state court, nor were their rights in litigation or represented therein.

It is clear, we think, that the pendency of the suits in the state court to determine the validity of the securities and the rights of the parties in those controversies did not deprive the court below of jurisdiction to entertain a suit against those who were the parties plaintiff in those suits to determine the appellees' rights in and to the same securities, the latter suit not being one that disturbed the custody of property of which the state court had acquired jurisdiction. It would seem from the record that the securities were not in the actual custody of the state court. They had been deposited with the state treasurer, as required by law, to qualify the holder thereof to issue policies of insurance upon land values. The corporation defendants in the suits in the state

court had thereby parted with possession and control over the same, and the order appointing the receiver, while it directed him to take possession and control of the properties of the two corporations, and gave him the exercise and control of any and all rights which they had in those instruments, ordered that, until the final determination of the suit, they should remain in the custody of the state treasurer.

"The rule that where the same matter is brought before courts of concurrent jurisdiction, the one first obtaining jurisdiction will retain it until the controversy is determined, to the entire exclusion of the other, and will maintain and protect its jurisdiction by an appropriate injunction, is confined in its operation to instances where both suits are substantially the same, that is to say, where there is substantial identity in the interests represented, in the rights asserted and in the purposes sought." Pacific Live Stock Co. v. Oregon Water Bd., 241 U. S. 440, 447, 36 S. Ct. 637, 641 (60 L. Ed. 1084).

But, if it were conceded that the state court acquired, by its receivership, jurisdiction over the property, so as to withdraw it from the jurisdiction of a federal court in the same territory (Palmer v. Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435), it does not follow that the relief which the appellees seek in the court below is beyond the jurisdiction of that court, or, will necessarily invade or disturb the jurisdiction of the state court. The court below had no right to abdicate its own jurisdiction. It had the power to hear and determine any question and grant any relief concerning interests in the property not conflicting with the possession, so long as the state court should retain possession. The objection on account of the receivership cannot prevail to prevent proceedings in the court below, so far as it can go without interfering with the receivership. Watson v. Jones, 15 Wall. 679, 20 L. Ed. 666; Mercantile Trust Co. v. Lamoille Val. R. Co., 16 Blatchf. 324, Fed. Cas. No. 9432. [2] The question remains whether the injunction was forbidden by section 265 of the Judicial Code (28 USCA § 379), which prohibits the issuance of a writ of injunction by any court of the United States to stay proceedings in any court of a state, except in bankruptcy cases. The appellees contend that the present case is not governed by that section for the reason that the injunction runs not against the state court, but against the plaintiffs in the actions in

that court. But violation of the section is not thus avoided. Essanay Film Co. v. Kane, 258 U. S. 358, 42 S. Ct.. 318, 66 L. Ed. 658; Peck v. Jenness, 7 How. 612, 625, 12 L. Ed. 841. It is true that the prohibition of injunction is not universal in its scope. It does not forbid a federal court to enjoin attempts to impair its own jurisdiction by proceedings in a state court (French v. Hay, 22 Wall. 250, note, 22 L. Ed. 857), or to issue injunction where there is an entire lack of jurisdiction in the state court (Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492), or to enjoin the enforcement of a judgment subject to attack as having been obtained through fraud (Marshall v. Holmes, 141 U. S. 589, 12 S. Ct. 62, 35 L. Ed. 870), or a judgment, the enforcement of which would be contrary to recognized principles of equity and the standards of good conscience (Wells Fargo & Co. v. Taylor, 254 U. S. 175, 183, 41 S. Ct. 93, 65 L. Ed. 205); or to enforce an unconscionable judgment fraudulently obtained (Ex parte Simon, 208 U. S. 144, 28 S. Ct. 238, 52 L. Ed. 429).

But the present case does not belong in the class of any of the recognized exceptions. It is an injunction against the plaintiffs in a state court, enjoining them against taking further steps in the prosecution of suits to cancel securities, and it is issued on behalf of plaintiffs in a federal court, not parties to the suits in the state court, to defeat cancellation of the securities and protect their own interest therein. We think the injunction comes clearly within the prohibition of section 265. Essanay Film Co. v. Kane, supra.

The argument that, if the suits in the state court are permitted to be prosecuted to judgment before the suit in the federal court can be adjudicated, the latter adjudication will be made futile, is answered in Kline v. Burke Const. Co., 260 U. S. 226, 233, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, where it. is pointed out that the jurisdiction of a federal court, having been conferred by act of Congress, may be taken away in whole or in part by a later act of Congress, such as the prohibition of injunction expressed in section 265. But that section does not deprive a District Court of jurisdiction otherwise conferred by the federal statutes. It merely goes to the question of equity in the particular case presented, leaving the court to determine whether the case is one in which injunctive relief is prohibited. Woodmen of the World v. O'Neill, 266 U. S. 292, 298, 45 S. Ct. 49, 69 L. Ed. 293; Smith v. Apple,

264 U. S. 274, 277, 44 S. Ct. 311, 68 L. Ed. 678.

We hold that it is prohibited here. The injunction order is reversed.