## INSURANCE FINANCE CORPORATION v. PHŒNIX SECURITIES CORPORATION et al.

No. 1380.

District Court, D. Idaho, S. D.

July 3, 1930.

See, also, 32 F.(2d) 711.

C. M. Hawkins, of Oakland, Cal., and Frawley & Barnes, of Boise, Idaho, for plaintiff.

Frank T. Wyman, Barber & Barber, C. S. Hunter, and Wm. B. Davidson, all of Boise, Idaho, George Donart, of Weiser, Idaho, Frank L. Stephan, of Twin Falls, Idaho, and Cleve Groome, of Caldwell, Idaho, for defendants.

CAVANAH, District Judge.

On the 3d day of May, 1928, King, one of the defendants here, and as a stockholder in the Idaho Fire Insurance Company, began an action in the state court to impress a trust upon certain securities held by the commissioners of finance and insurance of Idaho and for the appointment of a receiver to take possession and distribute them to those entitled thereto.

In August, 1928, the present suit was brought for the purpose, as disclosed by the original bill, to have a pledge or lien impressed upon the securities and clear of any cloud.

After the defendant Phoenix Securities Corporation defaulted in the payment of the first interest on the bonds involved in the plaintiff's original bill, plaintiff then filed its supplemental bill praying for a foreclosure of the pledge. It also moves for an injunction to enjoin further proceedings in the action pending in the state court. All of the parties in the state case have been brought in and made parties to the present case. The defendants now move to stay the trial of this case until action in the state court is determined, for the reason that the state court has acquired prior jurisdiction and possession over the property involved here, and for this court to now undertake to decree a lien on the property and order it sold would bring about a conflict between the two cases which would be in violation of the principle of comity recognized by the Federal and State courts.

If, under the record, the answer to this contention is in the affirmative, then of course this court should defer proceeding to avoid interference with the process of the state court. The two cases involve the adjudication over certain securities held by the state officers at the time the actions were instituted,

that is, the parties in the state court are seeking to impress a trust upon the securities and to have a receiver appointed to take possession and distribute them to those who the court may decide are entitled to have them, and in the present case plaintiff is also seeking a decree to foreclose a lien on the same securities and that they be sold to satisfy such lien, and that the state court and all parties to the proceeding be enjoined from proceeding further.

Thus, it will be seen that the subject-matter of the two cases is essentially the same and the parties are practically identical, except that the plaintiff Insurance Finance Corporation claimed the right to possession of the securities, but in privity with and as successor to Phoenix Securities Corporation, by assignment made since the commencement of the state suit.

■ Both of the actions involve controversies over the right to have the securities distributed to certain parties and applied to the satisfaction of certain liens, and, being so, we are confronted with the application of the settled principle that, where there are two actions pending at the same time, one instituted first in the state court which involves the adjudication of the right to possession of the same property and one subsequently instituted in the federal court which also involves the right to have the same property applied to the satisfaction of a lien, the state court, having first acquired jurisdiction, of the property in litigation, must be permitted to exhaust its remedy before the federal court interferes. Ponzi v. Fessenden et al., 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Harkin v. Brundage, Receiver, et al., 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Palmer v. State of Texas et al., 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; McKinney et al. v. Landon et al. (C. C. A.) 209 F. 300.

■■ The filing of the action in the state court and the issuance of the summons there drew to that court the possession of the res mentioned in the complaint and granted to it first jurisdiction of the controversy and the res. It obtained constructive possession of the property which is now in the actual possession of the receiver who is now entitled to retain it without interference. The action there is not one in personam, but one in rem, as the relief prayed for is confined exclusively to a disposition of the property.

Should this court at this time proceed to declare a lien on the property it would be a basis for an order of sale of the property and result in taking possession of it to satisfy the lien. Wabash R. Co. v. Adelbert College, 208 U. S. 609, 28 S. Ct. 425, 52 L. Ed. 642.

■ The state court, jurisdiction then having first attached, grants to it the right to hold it to the exclusion of all other courts and the property taken into its possession through the receiver is withdrawn from the jurisdiction of other courts, and the latter are without power to disturb possession of the property while it is in its custody. This principle is essential to the orderly administration of justice and prevents conflicts between courts. The court which first acquired jurisdiction is vested, while it holds possession of the property, with power to hear and determine all controversies relating thereto. Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667.

■ In regard to the motion of the plaintiff for an injunction restraining further proceedings in the state court, it would seem that the conclusions thus reached on the motion of the defendants to stay proceedings in the present case disposes of it, but attention is called to the construction of the statute relating to the stay of proceedings in a state court by a federal court, by the Ninth Circuit Court of Appeals in the case of Russell v. Detrick, 23 F.(2d) 175, 177, where a temporary injunction was denied staying proceedings begun in the state court to cancel a note and trust deed on the ground that they were procured through fraudulent representations. Upon commencement of the suit a receiver was appointed for the property of the defendant corporation who took possession thereof. The trial court issued a temporary injunction restraining the parties from canceling any of the notes and securities and from taking any steps looking to the cancellation of the same. The securities were not in the actual custody of the state court, as they had been deposited with the state treasurer who, under order of the state court, retained possession and custody of them until final determination of the suit. The court there said: "The question remains whether the injunction was forbidden by section 265 of the Judicial Code (28 USCA § 379), which prohibits the issuance of a writ of injunction by any court of the United States to stay proceedings in any court of a state, except in bankruptcy cases. The appellees contend that the present case is not governed by that

section for the reason that the injunction runs not against the state court, but against the plaintiffs in the actions in that court. But violation of the section is not thus avoided. Essanay Film Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658."

The court then states exceptions wherein the section of the statute is not violated and proceeds: "But the present case does not belong in the class of any of the recognized exceptions. It is an injunction against the plaintiffs in a state court, enjoining them against taking further steps in the prosecution of suits to cancel securities, and it is issued on behalf of plaintiffs in a federal court, * * * to defeat cancellation of the securities and protect their own interest therein. We think the injunction comes clearly within the prohibition of section 265. Essanay Film Co. v. Kane, supra."

For the reasons thus stated, an order will be made staying proceedings in the present case until further order of the court, and denying plaintiff's application for an injunction.