PHŒNIX OIL CO. v. MACKENZIE OIL CO.
· No. 856.

District Court, D. Delaware.
March 10, 1932.

Hugh M. Morris, of Wilmington, Del., for plaintiff.

Robert H. Richards and Aaron Finger, both of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a suit in equity by Phœnix Oil Company, a Delaware corporation, against Mackenzie Oil Company, a Delaware corporation, seeking to enjoin defendant from enforcing a judgment against plaintiff. The judgment was recovered in the superior court of the state of Delaware (154 A. 883) on an award of a referee for the sum of $200,142.05, and was affirmed by the Supreme Court of Delaware (154 A. 894).

What are the pertinent facts? December 21, 1920, at Dallas, Tex., by written contract, Mackenzie sold to one Clark on behalf of Phœnix, then called Omar Oil & Gas Company, a gas and oil lease of 40 acres in Texas, with certain equipment for operating wells, in consideration whereof Phœnix promised to pay $400,000 as follows: $200,000 in cash and notes maturing during 1921, and $200,000 in oil from wells drilled on the premises. The vendee promised to develop the lease and prosecute with diligence the drilling of three wells. The slump of 1921 played havoc with the oil industry and prices in that region fell from $3.50 per barrel to $1.50 per barrel and even less. December 12, 1921, near the maturity of the last note, the parties made a supplemental agreement extending the time of the maturity of the unpaid notes and reciting that Phœnix was then indebted to Mackenzie in the sum of $100,000. At this stage it would appear that Phœnix had elected not to repudiate the contract, but to retain the lease and to affirm its obligation to pay the whole amount due under the contract. Before action was brought in Delaware, Phœnix had paid $100,000 on account of the $200,000 that was payable in cash and notes, and thereby had reduced that obligation to $100,000. Phœnix had also paid $31,515.60 in oil from the premises on account of the $200,000 that was payable in oil, and thereby had reduced that obligation to $168,484.40.

In 1923 the action was brought in Delaware. The entire record of proceedings in the state courts is part of this record. The action in the state court was in assumpsit to recover the $100,000 with interest, fees, etc., remaining due on the notes. Under a stipulation, the plaintiff filed a paper in the nature of a bill of complaint styled "statement of claim of plaintiff filed as and for its declaration," and defendant filed a paper styled "answer and counterclaim," although, under the rules of common-law pleading prevailing in the state courts of Delaware, a declaration in assumpsit and a plea of non assumpsit with notice of recoupment would have been appropriate. In the statement of claim no breach of the contract was alleged. The counterclaim of Phœnix, also referred to as a "notice of recoupment," was based solely upon a legal theory and upon claims for the refund of part of the consideration and of expenses incurred. The legal theory was the right of Phœnix to revise, not repudiate or affirm, the contract, and accordingly to pay only what the lease was reasonably worth on December 21, 1920. In the counterclaim or notice of recoupment Phœnix alleged the lease was worth $80,000, and that it was induced by fraudulent misrepresentations on the part of Mackenzie and its agents to enter into the obligation to pay $400,000. Having paid $100,000 in cash and $31,515.60 in oil, Phœnix claimed it owed nothing in the Delaware action on the notes, but was entitled to a refund of $51,515.60, being the difference between the amounts paid and $80,000, and to a refund of certain expenses incurred. No reply was filed to this counterclaim. None could have been filed except a denial that the real worth of the lease, when sold, was only $80,000 and the affirmation that the real worth was $400,000. The difference between the obligation to pay $400,000 and the alleged real value of $80,000 was $320,000; yet no counterclaim for such amount was made by Phœnix and no counterclaim for any amount based upon deceit alone was made by Phœnix.

The case was exhaustively litigated in the state courts. The issues were referred to a referee whose award was affirmed by the superior court and was reversed by the Supreme Court. Thereafter the case was referred to a referee whose award was affirmed by the superior court and by the Supreme Court, with the comment that "the pending case has in some of its aspects, been before the courts of this state for several years and we think that no case has received more careful and serious attention at every stage." Omar Oil Co. v. Mackenzie Oil Co., 3 W. W. Harr. (33 Del.) 259, 138 A. 392; Mackenzie Oil Co. v. Omar Oil & Gas Co. (Del. Super.) 154 A. 883; Phœnix Oil Co. v. Mackenzie Oil Co. (Del. Sup.) 154 A. 894. The referee found the amount due on the notes. He also found that the lease at the time of the contract had a cash market value of $250,000, and, further, that the plaintiff would be entitled to recover under its contract up to the amount of $250,000 before the counterclaim allowed the defendant could be made effective.

Turn now to the federal suit. Defendant challenges the jurisdiction of the court. Diversity of citizenship does not exist. Plaintiff asserts that this suit is based on section 24 of the Judicial Code (title 28 USCA § 41). That section vests in District Courts of the United States jurisdiction over suits at law or in equity "where the matter in controversy * * * arises under the Constitution or laws of the United States." A case does not arise under the Constitution unless it involves a real and substantial controversy as to the effect or construction of the Constitution. Cohens v. Virginia, 6 Wheat. 264,

379, 5 L. Ed. 257. In other words, if from the record it appears that some right on which the recovery depends will be defeated by one construction of the Constitution, or sustained by the opposite construction, the case will be one arising under the Constitution within the meaning of the act; otherwise not. Starin v. New York, 115 U. S. 248, 257, 6 S. Ct. 28, 29 L. Ed. 388; New Orleans v. Benjamin, 153 U. S. 411, 424, 14 S. Ct. 905, 38 L. Ed. 764. Defiance Water Co. v. Defiance, 191 U. S. 184, 190, 24 S. Ct. 63, 48 L. Ed. 140. One cannot review the decisions of the Supreme Court construing this language without being led to the conclusion that cases actually arising under the Constitution are rare.

■ To bring this case within section 41 the plaintiff contends that the judgment rendered by the state court and the proceedings leading thereto were in disregard of that part of the Fourteenth Amendment declaring that no state shall deprive any person of his property without due process of law; further, that the judgment was not responsive to the issues raised by the pleadings and purports to conclude plaintiff upon a matter with respect to which it had no opportunity to be heard, and consequently the state court was without jurisdiction to render the judgment.

Clearly the state court had jurisdiction over the parties and subject-matter. Both parties were properly before the court and took part in all proceedings there. They not only had the right to be heard, but were heard as to all issues both in the superior court in which the proceeding was originally instituted and upon appeal in the highest court of the state. This is apparent from the record and the decisions of those courts.

The right of Mackenzie in the state court to recover on the notes was not sustained and could not have been defeated by any construction of the Constitution. Likewise, the right of Phœnix to offset against an excessive demand of Mackenzie the claim of $150,000 arising from the fraudulent representations of Mackenzie inducing the purchase of the oil lease for $400,000 was not defeated or sustained by any construction of the Constitution or laws of the United States.

■ The questions were submitted to the Supreme Court of the state and decided adversely to the plaintiff. This court has no jurisdiction to review that decision. It cannot exercise an appellate jurisdiction. The jurisdiction possessed by this court is strictly original. Plaintiff's remedy, if any, is confined to a direct review by the United States Supreme Court. Essanay Film Mfg. Co. v. Kane, 258 U. S. 358, 361, 42 S. Ct. 318, 66 L. Ed. 658; Rooker v. Fidelity Trust Co., 263 U. S. 413, 44 S. Ct. 149, 68 L. Ed. 362.

The plaintiff relies on Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205, and Essanay Film Co. v. Kane, 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658. These cases are clearly distinguishable. Diversity of citizenship existed, and the equitable and not the federal jurisdiction of the court was invoked.

This is not a case which arises under the Constitution and laws of the United States, and the court is without jurisdiction.

The bill of complaint must be dismissed.