## UNION CENTRAL LIFE INS. CO. v. McADEN et al.

### No. 218.

District Court, N. D. Texas, San Angelo Division.

Oct. 29, 1937.

Locke, Locke, Stroud & Randolph, Albert S. Johnson, and Maurice Purnell, all of Dallas, Tex., for complainant.

McGillivray Muse, of Brownwood, Tex., for respondents.

ATWELL, District Judge.

Complainant alleges the making of four loans to McAden. The first upon 402 acres of land, and the subsequent ones upon 202 acres, out of the same 402, so that different loans and different amounts and maturities are involved. Default and acceleration are pleaded, and, in order to escape cumbersome and entangling separate foreclosures, an equity is pleaded to make them joint.

Allegations are made that the same respondents have instituted four separate actions upon the four loans in the state court of Brown county, in each of which actions the sole issue is the claim that each loan is usurious, with the usual prayer therein under the state usury statute (Vernon's Ann. Civ.St.Tex. art. 5069, et seq.). The usury is said to arise from the wording of the contract of each loan.

Restraining orders are sought from this court against the continued prosecution of those four suits. There appears to be no threat of any additional suits.

On presentment of the bill, a show cause order was issued, and at the hearing, made under the rule, the respondents attack the jurisdiction of this court, and also seek the shelter of the national

statute which denies this court the right to stay proceedings in the state court, except in bankruptcy causes.

Replying to the latter contention, the first being manifestly without merit, the complainant asserts that the controversies alleged in the four state court suits do not present the entire controversy between the complainant here and the plaintiffs there; that it cannot go into those suits and seek a foreclosure of its lien and a collection of its debt without serious entanglement, by reason of the way the liens were given, and because there would probably be different times for trying the four suits which might result, on appeal, of some being presented to one Court of Civil Appeals and some to another; and, further, because if foreclosure were granted it, the sales of the different tracts might cause it serious loss in the protection of all of its liens; that it is compelled to defend a multiplicity of suits in which it cannot get full relief.

It appears that the state cases were brought about 90 days before this bill was filed; that an agreement for the taking of testimony has been entered in those cases between the parties thereto; that there is a state statute which gives the trial judge the discretionary power to consolidate cases having identical parties and growing out of, and presenting, the same cause of action.

The complainant is a citizen of the state of Ohio, and the respondents are citizens of Texas, New Mexico, and California. The land is situated in the San Angelo Division of this district. The same respondents owe the same complainant four different notes secured by four different liens. These may be aggregated in order to make the jurisdictional amount of this court.

So much has been written by the courts upon the statute (Jud.Code § 265, 28 U.S.C.A. § 379) which denies the national court the right to enjoin an action in a state court, except in bankruptcy, that it would seem unnecessary to further multiply words. To the exception, relating to bankruptcy, which the Congress provided, the courts have added the right to prohibit by restraint in order to maintain jurisdiction, properly invoked, or to enjoin where there is an entire lack of jurisdiction in the state court, or to enjoin the enforcement of a judgment subject to attack because obtained through fraud, or a judgment, the enforcement of which would be contrary to recognized principles of equity and the standards of good conscience, or to enforce an unconscionable judgment fraudulently obtained. Russell v. Detrick (C.C.A.) 23 F.(2d) 175, 178.

Those exceptions are well sustained.

That a restraint runs against the parties to a state suit, rather than against the court itself, does not excuse nor make the action any the less a violation of the section. Essanay Film Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658.

The complainant presses two recent cases by the Circuit Court of Appeals for the Fourth Circuit, as authority for the addition of another exception to the statute. Provident Mutual Life Insurance Co. v. Parsons, 70 F.(2d) 863; Brown v. Pacific Mutual Life Ins. Co., 62 F.(2d) 711.

The reasoning in the first case for the stay of a state court suit, previously brought, on one feature of an insurance policy, when the equity action in the national court covered the entire controversy between the parties, is not satisfying. In fact, the question is merely treated by referring to what the court had said in Brown v. Pacific Mut. Life Ins. Co. As I read that case, the writer was building up and sustaining equity jurisdiction for the restraint of a lawsuit. The citation of a text from Pomeroy supports that observation. The suit had been brought in the national court on the whole controversy. Thereafter, the defendant instituted an action in the state court for only a part of the amount, and sought a dismissal of the national court suit because of the pendency of the state court action. The motion was, of course, refused, and he was enjoined from further proceeding in the state court. There is some learned discussion as to the power to stay proceedings at law in the state court in order to protect the equity jurisdiction first acquired, in the federal court.

I see nothing in the case at bar that suggests any interference whatever with this suit in this court by the pendency or continued prosecution of the four state court suits. Those suits are purely in personam. This suit is for the foreclosure of a lien and draws to itself, by such potential holding of the res, all matters that relate thereto. This court will go forward in the ripening and determination of this case undeterred by the cases in the other jurisdictions. The very exceptions that have been engrafted on the statute, as well

as the statute itself, clearly show that its purpose was to prevent a clash of jurisdictions, and to preserve that peaceful comity that is so necessary between the courts of the two sovereignties.

The complainant's contention that its relief will be curtailed and difficult of attainment in the state court is perhaps more fancied than real. The potential power of that court over the whole controversy is as comprehensive as the potential power of this court over the entire controversy. In the state court, the complainant here, the defendant there, may cross-action and seek foreclosure, together with a consolidation of the suits. In the case here, the respondents must come in and set up their claim of usury before all of the contest is here; so it is quite apparent that the whole controversy is neither there nor here, but it may be both there and here, if the parties so will. If and when the whole controversy is presented to the state court; then, and in that event, this court would think seriously of staying any further proceedings there, because this court has first assumed jurisdiction of the property. Appeal having been made to it to foreclose the lien, it would proceed to do so and stop any other court from interfering therewith.

The litigation in the state court at the present time does not interfere in any way with this court's progress.

The plight of the complainant in being forced to defend itself against a charge of usury on four separate contracts, even though attack be made by the same parties on each contract, may be viewed in equity as a multiplicity of actions. But there is nothing fraudulent about it; there is no impinging on this court's jurisdiction; there is no coming to rest, as yet, which would justify this court reaching in and inspecting what has been done. Equity may not brush aside a fixed pillar of the law, planted by the Congress to prevent a conflict of courts, by acting on a so-called multiplicity of suits.

Multiplicity, as abhorred in equity, includes something less, I am sure, than the dictionary definition of the word, but when there are but four suits which grow out of four different contracts, and when a single assertion is made upon each contract, one cannot certainly say that there is a multiplicity, in the equity sense.

In Boise Artesian Hot & Cold Water Company v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796, it was determined that in order to make the fear of multiplicity of suits a ground for the interposition of a court of equity, more than one suit must have been commenced, and, the court could not interfere unless it is clearly necessary to protect the complainant from continued vexatious litigation.

Being unable to discover any excuse, at the present time, for interfering with the state court suit, restraint is denied.