## OSTROFF v. JOHNSON et al.
### Civ. 9771.

District Court, D. New Jersey.
July 27, 1948.

Bartholomew A. Sheehan, of Camden, N. J., for plaintiff Isidor Ostroff.

Julius Waldman, of Atlantic City, N. J., for defendant Florence Osbeck Johnson.

Milton, McNulty & Augelli, of Jersey City, N. J., and Anthony T. Augelli, of Jersey City, N. J., for defendant William L. Taub.

MADDEN, District Judge.

There are two motions made in the above matter by the defendants, Johnson and Taub. First, to dismiss the complaint filed herein by plaintiff and second, to vacate a preliminary injunction granted by the court upon such complaint, supporting petition and affidavits.

For the purposes of this motion the allegations of plaintiff's complaint must be taken as true and must be read in the light

most favorable to the pleader. See Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631.

The complaint, in substance, alleges that on June 20th, 1944, the defendant, William L. Taub, executed a note in the sum of $3,500 to the order of one Riker & Company, which note said defendant Taub had plaintiff Ostroff endorse as an accommodation endorser. Said note was subsequently negotiated to the Modern Industrial Bank in New York City. Said note was not paid and suit was instituted by the holder against Taub and Ostroff, in the Common Pleas Court of Atlantic County, New Jersey. Judgment was entered against them and Taub appealed, filing the necessary appeal bond. The surety on this bond was the Home Indemnity Company. As security for this appeal bond, Taub placed $4,000 in a savings account in the Manufacturers Trust Company of New York and assigned the same to the Home Indemnity Company. The appeal was lost and the surety, Home Indemnity Company, paid the judgment receiving an assignment of the same from the plaintiff therein. Home Indemnity Company then called upon Taub for payment. He complied by turning over to the Home Indemnity Company the savings account hereinbefore mentioned together with personal funds in the amount of $71.18, but instead of having the judgment canceled, he had made or made an assignment of the same from the Home Indemnity Company to the defendant, Florence Osbeck Johnson. Florence Osbeck Johnson has had execution issued by the Clerk of the Court (Atlantic County Court of Common Pleas) and a levy made upon funds in the hands of the Chelsea Title and Guaranty Company belonging to plaintiff. The complaint alleges that defendant, Florence Osbeck Johnson, has paid no money for such assignment of judgment; that it was paid for by defendant Taub, the original debtor for whom Ostroff was an accommodation endorser; that Johnson is an agent or nominee of Taub for the purpose of fraudulently attempting to collect such judgment from Ostroff.

Complaint, therefore, seeks an injunction prohibiting Johnson from proceeding with said execution and levy; that the assignment be declared a nullity and that the defendants be ordered to cancel the judgment of record.

The motion to dismiss the complaint is supported by four arguments and as understood by the court they are as follows:

(a) Plaintiff has an adequate remedy at law.

(b) The same action is pending in another court.

(c) That Home Indemnity Company is not a proper party.

(d) That the suit involves a res in the possession of another court and therefore cannot be maintained in this court.

The motion to vacate the preliminary injunction is based upon the argument that it is forbidden by Title 28 U.S.C.A. § 379.

■■ In relation to the first and second arguments of defendant that plaintiff has an adequate remedy at law and a similar action is pending in another court, the court has examined the statutes cited, namely, the Negotiable Instruments Act, N.J.S.A. 7:2–119, and 7:2–120, and the Judgment Act, N.J.S.A. 2:27–309, 2:27–310, 2:27–311 and can find no provision in such statutes or the cases cited thereunder for relief to plaintiff if he can prove his allegations of fraud. The mere fact that a state court may have concurrent jurisdiction does not preclude plaintiff from seeking equity at the hands of this court if he meets the jurisdictional requirements, namely, that there is diversity of citizenship and the amount in controversy exceeds $3,000 exclusive of interest and costs. This principle is so well settled it needs no discussion.

■ The defendants, Taub and Johnson, say that the Home Indemnity Company is not a proper party. The Home Indemnity Company has said nothing though served through the Banking and Insurance Commissioner of the State of New Jersey. Be that as it may, the court feels that the defendant, Home Indemnity Company, is a proper party.

We now come to the fourth argument, namely, that the suit involves a res in the possession of another court. If this were

so, the court would naturally follow the directions of the United States Supreme Court in Toucey v. New York Life Insurance Company, 314 U.S. 118, 62 S.Ct. 139, 144, 86 L.Ed. 100, 137 A.L.R. 967, where the court said:

"* * * that the court, whether federal or state, which first takes possession of a res withdraws the property from the reach of the other."

■ But is this a suit to control a res, namely, the funds in the hands of the Chelsea Title and Guaranty Company, or is it a suit to control and adjudicate upon the actions of individuals and corporations, namely, to declare the assignment to Johnson, a fraud and a nullity and to direct the defendants to cancel the judgment, etc.? This court feels that it is a personal action and, therefore, is not bound by Toucey v. New York Life, supra. However, the discussion in the Toucey v. New York Life case centered around the statute prohibiting the use of injunction by federal courts in state court matters and, I think, brings us to the most important issue, namely, the question presented by the motion to vacate the preliminary injunction because it is prohibited by Congressional enactment.

Section 379 of Title 28 U.S.C.A., provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The historical note is to the effect that the text of this act is derived from the act of March 2, 1793.

In 1920, the United States Supreme Court in Wells Fargo & Co. v. Taylor, 254 U.S. 175, at page 183, 41 S.Ct. 93, 96, 65 L.Ed. 205, speaking of this act, said:

"The provision has been in force more than a century and often has been considered by this court. As the decisions show, it is intended to give effect to familiar rule of comity and like that rule is limited in its field of operation. Within that field it tends to prevent unseemly interference with the orderly disposal of litigation in the state courts and is salutary; but to carry it beyond that field would materially hamper the federal courts in the discharge of duties otherwise plainly cast upon them by the Constitution and the laws of Congress, which of course is not contemplated. As with many other statutory provisions, this one is designed to be in accordance with, and not antagonistic to, our dual system of courts. *In recognition of this it has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision does not prevent the federal courts * * * from depriving a party, by means of an injunction, of the benefit of a judgment obtained in a state court in circumstances where its enforcements will be contrary to recognized principles of equity and the standards of good conscience * * *.*" (Underscoring ours.)

Does not this statement of principle meet the allegations in the present case? If the allegations are proven, would it not be unequitable and against the standards of good conscience to allow Taub, through his own agent or nominee, to collect this judgment from the man who accommodated him? I think so.

Defendant urges that the Wells Fargo & Co. v. Taylor case has been reversed by Toucey v. New York Life, supra, but in that case the court finds this statement, 314 U.S. at page 136, 62 S.Ct. at page 145.

"However, the opinion cites the Wells Fargo and Essanay Film [Essanay Film Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658] cases in a footnote dealing with 'the recognized exceptions to section 265.' * * * The foundation of these cases is thus very doubtful. *However, we need not undertake to re-examine them here since, in any event, they do not govern the cases at bar.*" (Underscoring ours.)

Surely, with this wording it cannot be considered as reversing the principle laid down in the Wells Fargo case.

■ The court feels that the present complaint alleges a cause of action on all fours with the principle laid down in Wells Fargo & Co. v. Taylor, supra; that the

principle therein laid down is still the law and binding upon this court. The motions, therefore, will be denied. Prepare an appropriate order.