Walter C. ATCHLEY, Plaintiff,

v.

Joe R. GREENHILL et al., Defendants.

Civ. A. No. 73–H–1660.

United States District Court,
S. D. Texas,
Houston Division.

April 15, 1974.

Pat S. Holloway, Dallas, Tex., for plaintiff.

Allen Wood, Corpus Christi, Tex., for defendant State of Texas District Judge.

John L. Hill, Atty. Gen., of Texas; Larry York and John Odam, Asst. Attys. Gen., Austin, Tex., for all other defendants.

## MEMORANDUM OPINION

NOEL, District Judge.

This controversy arose out of a state court suit filed by Walter C. Atchley, plaintiff herein, in state district court, San Patricio County, Texas in 1967. Atchley v. Superior Oil Co., No. 13,436. That suit sought to establish that a tract of land in that county was vacant, unsurveyed land under Tex.Rev.Civ. Stat.Ann. art. 5421c § 6. Plaintiff named as defendants therein hundreds of individuals, oil companies, and other corporations who allegedly claimed interests in the land in controversy. After development of a considerable record, the State District Judge, a defendant herein, entered summary judgment in favor of defendants. On appeal, the judgment was affirmed by the Court of Civil Appeals for the Ninth District of Texas, sitting at Beaumont. Atchley v. Superior Oil Co., 482 S.W.2d 883 (Tex.Civ. App.—Beaumont 1972). No judge of the Court of Civil Appeals for the Ninth District is a defendant here. Plaintiff's petition for writ of error was refused by the Texas Supreme Court on March 7, 1973 with the notation n. r. e. (meaning no reversible error), two Justices not sitting. The other seven Justices of the Texas Supreme Court are defendants herein. Plaintiff's motion for rehearing was overruled by the latter court on May 5, 1973.

In this action plaintiff claims irregularities and improprieties by defendants during the course of the litigation, but not by any judge of the Court of Civil Appeals. Asserting jurisdiction under the Civil Rights Act of 1871, 42 U.S.C. § 1983, plaintiff alleges that defendants' actions deprived him of his constitutional right to due process and equal protection.

In particular, plaintiff asserts in Count One that at a deer hunt and party, while the case was pending in the trial court, the trial judge consulted with six members of the Texas Supreme Court about the case and in accord with the opinions they expressed, rendered summary judgment in favor of defendants in the State District Court proceedings. In Count Two plaintiff contends the trial judge's son, an attorney, was employed by certain of the state court defendants and further that the judge's son was and is married to a relative of several individual defendants. In Count Three, plaintiff alleges that defendant trial judge, and one or more of the defendant justices owned stock or other securities in one or more of the corporate defendants in the state litigation. Finally, in Count Four, plaintiff contends that three members of the Texas Supreme Court who sat in the case were legally disqualified from sitting. Tex.Const. Art. V., Section 11, Vernon's Ann.St. Nonetheless, according to plaintiff, the court failed to follow the constitutionally mandated procedures for appointment of substitute justices to hear the case.

As remedy, plaintiff seeks declaratory judgment that the trial court and Texas Supreme Court rulings and judgment are void. In addition, plaintiff prays for injunctive relief expunging the judgment from the record and reinstating the case on the docket of the trial court.

At a hearing on January 11, 1974, defendants orally presented their motions to dismiss. At the conclusion of the hearing the Court announced its decision to dismiss the suit as frivolous, subject to plaintiff's motion for reconsideration, and entered its order accordingly on January 23, 1974. The parties subse-

quently submitted briefs on the issues raised by the case.

■ The Court has reviewed these briefs, the arguments and authorities presented therein, and is aware of the presumption of. veracity ascribed to plaintiff's allegations at this point. Barnes v. Merritt, 376 F.2d 8, 11 (5th Cir. 1967); Due v. Tallahassee Theatres, Inc., 333 F.2d 630, 631 (5th Cir. 1964). Nevertheless, the Court remains convinced that plaintiff's complaint does not allege a cause of action cognizable in federal court.

■ First, this federal district court does not have subject matter jurisdiction over plaintiff's claim. Fed.R. Civ.P. 12(b)(1). Plaintiff essentially seeks reversal of the state court judgments and grant of a new trial. Such relief is in the nature of appellate review and outside the purview of this Court's jurisdiction. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Essanay Film Manufacturing Co. v. Kane, 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658 (1922). "A federal district court has no original jurisdiction to reverse or modify the judgment of a state court." Hill v. McClellan, 490 F.2d 859, No. 73–2686 (5th Cir. 1974); Hanna v. Home Insurance Co., 281 F.2d 298 (5th Cir. 1960). The fact that a state court judgment may have been unconstitutionally rendered does not vest the federal district court with jurisdiction to review the state proceedings. MacNeil Bros. Co. v. Cohen, 264 F.2d 186 (1st Cir. 1959); Williams v. Tooke, 108 F.2d 758 (5th Cir. 1940). See also Rooker v. Fidelity Trust Co., *supra.*

It is clear from plaintiff's pleadings that he was apprised of the trial judge's alleged connection with the state court defendants during pendency of the suit. In fact, plaintiff indicated his desire to waive any disqualification. Plaintiff also knew of the alleged improprieties by the Texas Supreme Court justices before that court's decision was final.

■ ■ Plaintiff's duty was to raise his contentions before these forums. Any adverse ruling involving any constitutional defect could have been appealed to the United States Supreme Court. Angel v. Bullington, 330 U.S. 183, 67 S. Ct. 657, 91 L.Ed. 832 (1947); Adams v. United States, 302 F.2d 307 (5th Cir. 1962). Having failed to develop his contentions in state court, and having failed to appeal adverse judgments, plaintiff cannot relitigate such issues here. Paul v. Dade County, Florida, 419 F.2d 10 (5th Cir. 1969); Ramirez v. United States, 294 F.2d 277, 283 (9th Cir. 1961).

■ The fact that plaintiff now sues the judges rendering the contested decisions does not change this result. Tang v. Appellate Division of the New York Supreme Court, 487 F.2d 138 (2nd Cir. 1974); Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969); Seguros Tepeyac, S. A. v. Jernigan, 410 F.2d 718 (5th Cir. 1969). Federal courts do not have general power to mandamus state judges to vacate state court judgments. Wells Fargo Co. v. Taylor, 254 U.S. 175, 41 S. Ct. 93, 65 L.Ed. 205 (1920); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966).

■ Secondly, the complaint fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), because of judicial immunity. The Civil Rights Act does not abrogate that bar. E. g., Pierson v. Ray, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McAlester v. Brown, 469 F.2d 1280 (5th Cir. 1972). Plaintiff contends that judicial immunity only applies to suits for money damages, citing United States v. McLeod, 385 F.2d 734, 738 n. 3 (5th Cir. 1967). The recent case of Hill v. McClennan, 490 F.2d 859, No. 73–2686 (5th Cir. 1974) refutes plaintiff's distinction. In a per curiam opinion, the court (the panel of which included Judge Wisdom, author of *McLeod*) affirmed dismissal of a § 1983

suit against a state judge and others. The dismissed action sought both damages and an order voiding a state judgment.

The Court held "Judges acting within their jurisdiction and authority are immune from suit under §§ 1983 and 1985." citing *Pierson, McAlester* and others. Plaintiff herein has made no suggestion that the judgments entered in the state proceedings were beyond the courts' authority or jurisdiction.

Finally, the principle of comity requires the Court to refrain from entertaining this suit. Defendant justices and judge are charged with personal improprieties in the discharge of their duties as state officials. The concept of minimal federal interference with state government dictates that this matter be dealt with by state procedures. The prospect of federal court reviewing state court proceedings for judicial bias or interest is an effrontery to the concept of federalism. Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

For the foregoing reasons, plaintiff's complaint was properly dismissed, and accordingly, plaintiff's motion for reconsideration is denied.