JOSEPH STEIN, appellant,

*v.*

CHARLES H. CUFF, respondent.

[Submitted July 3d, 1909. Decided November 15th, 1909.]

1. As a general rule equity will entertain a bill to restrain the enforcement of a judgment for a new trial in an action at law only when the grounds on which the new trial is sought are not cognizable by the court in which the judgment was recovered.

2. A party in an action at law, who applies therein for a new trial on grounds cognizable by a court at law, and who is defeated, cannot afterward be heard on the same matter in a court of equity.

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Ulysses G. Styron,* for the appellant.

*Mr. George A. Bourgeois,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant seeks by his bill to restrain the enforcement of a judgment recovered against him in an action at law ·brought in the Atlantic circuit court, and to compel a new trial of that action. He rests his right to this relief upon the following facts: Shortly before the day fixed for the trial of the case by the circuit court, one R., the attorney whom the complainant had employed to defend the suit, refused to attend at the trial, or to surrender to the complainant certain papers which the latter had deposited with him, and which would have conclusively established the defence set up in the action, unless the complainant would satisfy an exorbitant demand for money made upon him by R. The complainant refused to comply with this demand, employed another attorney, and went to trial on the day fixed. R. absented himself from the court, and retained possession of the papers which complainant had deposited with him. For want of R.'s presence as a witness, and for want of these papers, the defence failed, and a verdict went against the complainant.

Upon the presentation of the bill to the chancellor an order to show cause why a preliminary injunction should not issue in accordance with its prayer was allowed. Upon the hearing of that order it was disclosed by affidavits submitted on behalf of the defendant that, at the time of the trial, the complainant's substituted attorney was aware of the importance of R. as a witness and of the value of the papers in his possession as proof supporting the defence; that notwithstanding this knowledge no attempt was made on behalf of the complainant either to compel the appearance of R. or the production of the papers at the trial. It further appeared by these affidavits that in due time after the rendition of the verdict, application for a new trial was made by the complainant to the court in which the action was brought; that the grounds upon which the application was rested were the same as those upon which relief is sought by the present proceedings; and that, after consideration, the application was denied by the trial court.

The conclusion reached by the court of chancery was that, on the facts set out in the bill of complaint, and the defendant's answering affidavits, a preliminary injunction ought not to issue; and it was so ordered. From this order the complainant appeals.

Although the hearing of applications for new trials in actions at law is a part of the ancient jurisdiction of a court of equity, yet, even in the days before courts of law had extended their jurisdiction over that subject, chancery exercised this power sparingly. *Smith* v. *Lowry, 1 Johns. Ch. 320.* Since courts of law have assumed jurisdiction over applications for new trials in causes instituted before them, equity has gradually withdrawn from that field of jurisprudence, so that in the present day it may be said, as a general rule, that it will only interfere in that direction when adequate relief cannot be afforded by the court in which the judgment has been obtained; or, to state it differently, when the grounds upon which the new trial is sought are not cognizable by the legal tribunal. *Hannon* v. *Maxwell, 31 N. J. Eq. (4 Stew.) 318, 329.* Upon this ground, therefore, the refusal of the court of chancery to direct an injunction was entirely proper.

The refusal is to be justified also upon a broader ground. Assuming that the exercise of jurisdiction by the court of chancery in applications for new trials is a matter of discretion in that court, nevertheless the jurisdiction over that subject is concurrent with that of the law courts, and a litigant may select either tribunal as the forum in which to have such an application considered and determined. If he selects the law court he cannot afterwards be heard upon the same matter in a court of equity, for such a proceeding would be, in its essence, a review of the determination of the legal tribunal, and such power of review does not reside in the court of chancery. The principle that the decision of a court of competent authority is binding and conclusive upon all other courts of concurrent power is of universal application; and for this reason, as was said by Chancellor Kent in *Simpson* v. *Hart, 1 Johns. Ch. 91, 97,* in discussing the question which we are now considering: "Where courts of law and equity have concurrent jurisdiction over a question, and it receives a decision at law, equity can no more re-examine it than

courts of law in a similar case can re-examine a decree in a court of chancery."

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—15.

*For reversal*—None.