## ESSANAY FILM MFG. CO. v. KANE.

(District Court, D. New Jersey. March 12, 1919.)

COURTS ⬦508(1)—FEDERAL COURTS—INJUNCTION—STAY OF PROCEEDINGS IN STATE COURT.

Under Judicial Code, § 265 (Comp. St. § 1242), formerly Rev. St. § 720, a federal court is without jurisdiction to grant an injunction to stay an action in a state court on the ground of want of service on the defendant, unless a final judgment capable of being enforced has been rendered therein.

In Equity. Suit by the Essanay Film Manufacturing Company against William R. Kane. Bill dismissed.

Linton Satterthwait, of Trenton, N. J. (Wm. M. Seabury, of New York City, of counsel), for plaintiff.

Alexander M. MacLeod, of Patterson, N. J. (Wm. C. Gebhardt, of Jersey City, N. J., of counsel), for defendant.

RELLSTAB, District Judge. The plaintiff, an Illinois corporation, by its bill alleges that the defendant is prosecuting an action at law against it in the New Jersey Supreme Court, without having served it with process, and without its having entered an appearance in that suit, and prays that he may be enjoined from further prosecuting said action. The suit thus sought to be enjoined has proceeded to an interlocutory judgment, and under the practice prevailing in the New Jersey Supreme Court no final judgment can be entered therein until an assessment of damages has been made. See article VIII, rules 87 to 91, of Rules of the Supreme Court of New Jersey, 1913.

The following question, though not expressly raised in the pleadings, emerges therefrom: Does this suit fall within the prohibition of section 265 of the Judicial Code? This section, a re-enactment of section 720, R. S. U. S., provides:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This limitation upon the power of a United States court to restrain proceedings in a state court originated in Act March 2, 1793, c. 22, 1 Stat. 333, 335, and has been a part of the United States judicial system ever since.

The plaintiff relies solely upon Simon v. Southern Ry. Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492, and contends that under it the case at bar is not within the limitation referred to. However, the Simon Case dealt with an attempted enforcement of a final judgment. This difference is vital. Mr. Justice Lamar in that case (236 U. S. 123–125, 35 Sup. Ct. 258, 59 L. Ed. 492) expressly noted that, with the rendering of a final judgment and an attempt to enforce it, "a new state of facts, not within the language of the statute, may arise"; that

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the federal court's control over the judgment was to be determined by well-recognized equity powers to prevent an improper enforcement or inequitable use of it; and that to enjoin a judgment obtained without service was within its jurisdiction, notwithstanding the limitations of the statute.

As the suit in the state court has not reached a stage where it can be enforced, what is there in the proceedings to take it out of the limitation of the statute? The power of the equity courts to prevent threatened injury is based on the fact that, unless they act, a wrong will be perpetrated, irremediable at law. National Surety Co. v. State Bank (C. C. A. 8) 120 F. 593, 597, 56 C. C. A. 657, 61 L. R. A. 394. In an action in personam, such injustice cannot result until the entry of final judgment and an attempt is made to enforce it.

What will be done in the state court in the suit here drawn into question cannot now be known. If no further proceedings are taken, no possible legal injury can result to the plaintiff here. If judgment final be taken, and an attempt be made to enforce it, the plaintiff here may, as was said by Mr. Justice Pitney in Western Indemnity Co. v. Rupp, 235 U. S. 261, 273, 35 Sup. Ct. 37, 40 (59 L. Ed. 220), "ignore the proceeding as wholly ineffective, and set up its invalidity if and when an attempt is made to take his property thereunder, or when he is sued upon it in the same or another jurisdiction," or, if unwilling to take a defensive attitude and merely await proceedings based on such judgment, he may take the more aggressive action under Simon v. Southern Ry. Co., supra, and seek to enjoin its enforcement.

I have been unable to find any case where a federal court has enjoined a suitor in a state court from proceeding to final judgment in an action in personam, except where the former had first obtained jurisdiction of the subject-matter. I am of the opinion that, until the proceedings here sought to be enjoined have developed into a final judgment, they are literally within the prohibition of section 265 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. § 1242]), and that until the entry and attempted enforcement of such judgment a federal court cannot take cognizance of the plaintiff's allegation of lack of service as a ground for enjoining the defendant from prosecuting his suit in the state court.

The bill is premature, and must be dismissed.