## ESSANAY FILM MFG. CO. v. KANE.

(Circuit Court of Appeals, Third Circuit. March 29, 1920.)

### No. 2475.

**1. Courts ⬄508(1)—Federal court cannot stay proceedings in state court prior to final judgment.**

Under Judicial Code, § 265 (Comp. St. § 1242), the federal court is without jurisdiction to grant an injunction to stay a suit in the state court on the ground of want of service, where no final decree capable of being enforced has been entered by that tribunal, but merely an interlocutory decree.

**2. Injunction ⬄26(1)—Court should not enjoin proceedings in another competent court.**

An appeal to a court of equity to restrain proceedings in another court competent to decide every question is unwarranted, tending to multiplicity of litigation.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Suit by the Essanay Film Manufacturing Company against William R. Kane. From a decree dismissing its bill (256 Fed. 271), complainant appeals. Affirmed.

Linton Satterthwaite, of Trenton, N. J. (William M. Seabury, of New York City, of counsel), for appellant.

Alexander MacLeod, of Paterson, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is an appeal by Essanay Film Manufacturing Company, an Illinois corporation, plaintiff below, from a decree of the District Court dismissing its bill of complaint against William R. Kane, a citizen of New Jersey. The bill alleges in part that the defendant instituted and is now prosecuting against the plaintiff in the Supreme Court of the state of New Jersey a suit at law for damages; that service of the summons issued in that suit was attempted to be made upon the defendant by service upon the Secretary of State of the state of New Jersey, under Laws N. J. 1900, c. 124; that for the reasons alleged in the bill such attempted service was wholly null and void; that the defendant did not appear, and judgment by default for want of appearance was entered against it. The bill prays that the defendant herein be enjoined from prosecuting his action to final judgment by assessing damages and from all further proceedings therein.

[1] At the hearing on bill and answer the District Court, regarding the proceedings to have been prematurely begun, dismissed the bill on the theory that the equity powers by which a federal court will restrain a person from gathering the fruits of a void judgment obtained in a state court do not extend to judgments which are merely interlocutory, and that, if an injunction were granted as prayed in this case, it would operate, not to restrain the enforcement of a void judg-

ment (for this judgment, being interlocutory, is not capable of enforcement), but "to stay proceedings in any court of a state," in violation of section 265 of the Judicial Code (Comp. St. § 1242), and to prevent the rendition by that court of a final judgment which might conceivably be entirely valid (Essanay Film Mfg. Co. v. Kane [D. C.] 256 Fed. 271).

We think the court was right both in dismissing the bill and in the reasons given therefor. The sole purpose of the bill is to obtain an injunction to prevent the defendant proceeding in the state court. The practical effect of such injunction would be to enjoin the state court from proceeding in the action. Such an injunction, except under the Bankruptcy Act (Comp. St. § 9585 et seq.), no court of the United States can grant. With this exception it is expressly forbidden by statute. Judicial Code, § 265; Diggs v. Wolcott, 4 Cranch, 179, 2 L. Ed. 587; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644. The ban of the statute is not evaded by directing the injunction to the litigating party. Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Cœur d'Alene Ry. & Nav. Co. v. Spalding, 93 Fed. 280, 35 C. C. A. 295. This rule is not modified by Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492. The crux of that decision, as we understand it, is embodied in the following sentence appearing on page 124 of 236 U. S., on page 258 of 35 Sup. Ct. (59 L. Ed. 492):

"But when the litigation has ended and a final judgment has been obtained—and when the plaintiff endeavors to use such judgment—a new state of facts, not within the language of the statute, may arise."

In the case at bar no one of the three conditions there mentioned by the Supreme Court exists. The litigation in the Supreme Court of New Jersey has not ended, a final judgment has not been obtained, and, no final judgment having been obtained, the plaintiff is, of course, not endeavoring to enforce such judgment.

[2] Furthermore, the state court has jurisdiction of the subject-matter of the suit instituted therein by this defendant. It has full power to determine whether by the service of the summons upon the Secretary of State it acquired jurisdiction over the Essanay Film Manufacturing Company. Under these circumstances the plaintiff is not remediless, save in a court of equity. An appeal to a court of equity to restrain proceedings in another court competent to decide every question that may arise in the course of the proceedings is without support in principle and unwarrantably tends to the multiplication of litigation and the production of delay. Wilson v. Lambert, 168 U. S. 611, 618, 18 Sup. Ct. 217, 42 L. Ed. 599.

The decree below must be affirmed.