### AMERICAN AUTOMOBILE INS. CO. v. BENEDETTO et al.

#### No. 4749.

Circuit Court of Appeals, Third Circuit.

April 19, 1932.

Rehearing Denied May 30, 1932.

Heine & Laird, of Newark, N. J. (M. Casewell Heine, of Newark, N. J., of counsel), for appellant.

Joseph J. Loori, of Jersey City, N. J. (Julius A. Kepsel, of Jersey City, N. J., of counsel), for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The one question on this appeal is whether the District Court erred in dismissing the appellant's bill praying for an injunction to restrain the respondents, who are plaintiffs in a judgment of a state court, from enforcing the same.

Patsy Benedetto, individually and as next friend of Lillian Benedetto, brought suit in the Hudson County Court of Common Pleas, State of New Jersey, against Edward F. Fletchenstein and Albert F. Fletchenstein for injury to the infant in an automobile accident. The defendants were served with process but did not enter an appearance. Later the plaintiffs moved for and obtained an interlocutory judgment against the defendants for default of an answer. Before proceedings for assessment of damages in the nature of an inquisition at bar had been taken, the defendants went into court with the American Automobile Insurance Company, their insurance carrier, and moved to open the judgment on proof by affidavit of a letter addressed by the claim agent of the insurance company to the attorney for the plaintiffs, reading as follows:

"Pursuant to telephone conversation of even date I am attaching memorandum to my file to the effect that this suit will not be moved until an agreed date between us."

The defendants claimed that this letter shows an agreement between the parties staying action in the suit, and that the motion for judgment was in violation of the agreement and in fraud of their rights.

On considering the affidavit and questioning the attorney for the plaintiffs the court found there was no agreement between the parties of the kind indicated by the com-

pany's self-serving letter and therefore no fraud was involved in entering the judgment. Accordingly it refused the motion.

After a jury had assessed damages, the defendants obtained a rule in the same court before the same judge to show cause why the verdict on the assessment should not be set aside and why the application theretofore made to open the judgment should not be reheard. On a hearing without testimony, yet in reliance upon what had transpired before, the court discharged the rule.

The motion to open the interlocutory judgment and the rule to vacate the final judgment were, it is conceded, matters addressed to the discretion of the court.

The defendants then appealed to the Supreme Court of New Jersey on the ground that the Court of Common Pleas, in discharging the rule, refused to exercise its discretion or abused its discretion. The Supreme Court, finding that the Court of Common Pleas had properly exercised its discretion, · sustained its order. On final appeal the Court of Errors and Appeals of the same state, by a per curiam on the reasons stated by the Supreme Court, sustained its decree.

The defendants in the state judgment then filed a bill in the Court of Chancery of New Jersey against the plaintiffs and their attorney in the judgment seeking to restrain its enforcement. Observing the drift of the Vice-Chancellor's mind at a hearing on a rule to show cause, the defendants moved to dismiss their own bill, which was allowed on terms. Then the insurance company, acting alone, filed this bill in the District Court of the United States to enjoin the enforcement of the state judgment, alleging the same fraud and claiming a meritorious defense.

The complainant's theory in the present case is that a federal court has jurisdiction to restrain plaintiffs from enforcing a judgment of a state court which has been obtained by fraud extrinsic to the matter tried in the case, United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Hilton v. Guyot, 159 U. S. 113, 16 S. Ct. 139, 40 L. Ed. 95; Chicago, R. I. Ry. Co. v. Callicotte (C. C. A.) 267 F. 799, 803, 804; that the act of the plaintiffs in moving for judgment against an agreement of counsel was fraud; that this fraud, extrinsic to the questions in issue under the pleadings, was not passed upon by the state court; and that, in consequence, the federal court is as free to act as though the matter had not been elsewhere raised and decided.

The respondents in this action in equity (plaintiffs and their attorney in the judgment at law) concede, of course, that in a proper case a federal court sitting in equity has power to enjoin a plaintiff from enforcing a judgment obtained in a state court by fraud. The complainant contends that the jurisdiction of a federal district court is not only competent in that regard but is also concurrent with that of the state court and therefore is available for the relief which it there sought. But the trouble in this case is that the insurance company, with the defendants, first appeared in the state courts, which also are courts of competent jurisdiction in respect to the matter of fraud here in question, and under appropriate rules there tried out the issue of fact as to an agreement between counsel, which was the question of fraud they specifically raised on authority of the state statute under which they were proceeding. Section 135 of the New Jersey Practice Act of 1903 (3 Comp. St. 1910, p. 4095). The whole controversy in the Court of Common Pleas (after judgment) revolved around the question of the plaintiffs' alleged fraud in violating an alleged agreement which the court found their counsel had not entered into, and the whole controversy · in the three other state courts through which the defendants pressed and exhausted their remedies concerned the valid exercise by the trial court of its discretion on the evidence of fraud before it. If the proceedings before the Court of Common Pleas were not an orderly trial and determination of the question of fraud as the complainant now maintains, those proceedings were subject to review and correction by the state appellate tribunals, all of competent jurisdiction, and when state courts of competent jurisdiction have, as here, passed upon a matter, their decisions are binding and conclusive upon all other courts of concurrent power, Simpson v. Hart, 1 Johns. Ch. (N. Y.) 91, 97; Stein v. Cuff, 76 N. J. Eq. 277, 279, 74 A. 517, 21 Ann. Cas. 1285; Simon v. Henke, 102 N. J. Eq. 115, 123, 139 A. 887; and are not reviewable and reversible by a federal district court though otherwise a court of concurrent and equally competent jurisdiction. Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026; Marshall v. Holmes, 141 U. S. 589, 600, 12 S. Ct. 62, 35 L. Ed. 870; Essanay Film Mfg. Co. v. Kane (C. C. A.) 264 F. 959, 960; Id., 258 U. S. 358, 42 S. Ct. 318, 66 L. Ed. 658.

The complainant now asks the District Court, because of its concurrent and compe-

tent jurisdiction, to re-try the question of fraud already tried and decided by the state courts. That the question was tried in some way by the state courts is clear; whether it was tried in a proper way under New Jersey practice or was correctly decided are matters not subject to review by the federal courts, though of concurrent jurisdiction. There is a difference between concurrent jurisdiction and successive jurisdiction. The fact that the jurisdiction of one court is concurrent with that of another does not mean that a party may try out his case in the courts of a state, one after another, and, failing there, may then go to the District Court of the United Sttaes and try anew a question which had been finally decided against him in the state courts, and thus cause a federal district court, which is wholly without appellate power over the decisions of state courts, in effect to reverse and set aside their decisions regularly and deliberately arrived at.

The order of the District Court dismissing the bill is affirmed.