Henry C. HICKS, Appellant,

v.

CITY OF LOS ANGELES, a Corporation; Board of Civil Service Commissioners, etc., et al., Appellees.

No. 15161.

United States Court of Appeals Ninth Circuit.

Jan. 28, 1957.

Rehearing Denied March 6, 1957.

Cryer & Jones, George E. Cryer, Los Angeles, Cal., for appellant.

Roger Arnebergh, City Atty., George Williams Adams and Moses A. Berman, Deputy City Attys., Los Angeles, Cal., for appellees.

Before POPE, CHAMBERS and BARNES, Circuit Judges.

CHAMBERS, Circuit Judge.

Henry C. Hicks, plaintiff-appellant, is a building operating engineer who in 1951 was discharged from his position with the City of Los Angeles. He held his position under the city's classified civil service which had the usual safeguards against arbitrary dismissals.

On the night of October 12–13, 1951, plaintiff was on duty as an engineer at the Lincoln Heights jail in Los Angeles. "Boiler trouble" developed. (We do not

here reach the question of whether there was a little trouble or much trouble or whose fault it was.) The Los Angeles Board of Public Works, under whose jurisdiction Hicks and the boiler came, on November 30, 1951, discharged him for "unsatisfactory performance of duties" on the aforementioned night of October 12-13.

Hicks administratively denied the charges, all of which concerned the boiler. The Los Angeles Civil Service Commission accorded Hicks a hearing before a hearing examiner on January 22, 1952, and February 7, 1952. The hearing examiner made a report which was acted upon on April 15, 1952, by the Civil Service Commission. The commission upheld the discharge. There is some variance between the hearing examiner's report to the commission and its final conclusion as to what he found. This variance does not appear to be particularly great, but Hicks says it was done fraudulently and was a "frame-up."

Hicks appears in April, 1952, to have accepted the findings and order of discharge. But in April, 1954, he says he discovered the "fraud." He then took steps (administratively) designed to secure his reinstatement. Failing before the Civil Service Commission, he filed on June 17, 1954, an action in equity in the Superior Court of California (Los Angeles County) by which he asserted the proceedings for his discharge were null and void as based on gross extrinsic fraud. The complaint was dismissed and an appeal followed. This appeal was decided against him on May 24, 1955. Hicks v. City of Los Angeles, 133 Cal. App.2d 214, 283 P.2d 1046.

Then on January 23, 1956, Hicks filed this action in the United States District Court for the Southern District of California, naming the City of Los Angeles, the Board of Civil Service Commissioners and its members, and the Board of Public Works and its members as defendants. It was designated a "Bill in Equity to Annul a Final Order of the Civil Service Commission * * * on the ground * * * of Extrinsic Fraud

and [because the order] deprives complainant of his * * * right * * * without due process of law."

The only new thing or item we find in the complaint in United States district court that was not contained in the case in the state court, Hicks v. City of Los Angeles, supra, is the following allegation concerning his "mistreatment" by the California courts:

"That when this complainant learned that no court of the State of California would accord him a hearing upon his above-mentioned case pending in the courts of said state, charging that the order of defendant Civil Service Commission removing him from his position, was based upon gross extrinsic fraud; that said refusal of said California Courts to consider said case was based upon delay and alleged 'laches' in commencing his said action, and that said courts and each of them, from the lowest to the highest, had refused even to consider even the provision of Section 338, sub. 4, of the Code of Civil Procedure of California, providing that an action for relief on the ground of fraud must be deemed to have arisen on the date of the discovery by the aggrieved party of the facts constituting such fraud, and giving to such party three years, after such discovery in which to commence an action, complainant was plunged into the depths of despair, and suffered a recurrence of the mental collapse which had engulfed him when defendant Civil Service Commission removed him from his position without evidence of wrong doing, upon the charge of 'unsatisfactory performance of duty'; that while in such state of collapse complainant disappeared from his place of abode and his counsel and friends were unable to find or communicate with him for weeks thereafter, that when finally he had recovered sufficiently to return and counsel were able to contact him and to explain to him

that his cause was not finally lost; that the Federal Constitution and the Federal Courts still stood between him and the taking of his property without Due Process of Law, and that the Statute of Limitations still accorded to him the right 'to commence' an action for the protection of his Constitutional Rights, this complainant regained much of his mental poise and promptly authorized his counsel to prepare and file this action."

The defendants pleaded "no jurisdiction" and "no cause of action." The district judge dismissed the case on the ground of no jurisdiction.

At the outset it would appear that the limits of 28 U.S.C.A. § 1331 are applicable. If so, the whole complaint teeters on whether the sum of $3,000 in damages is alleged. We have concluded that it barely, though poorly, does so allege.

There are a number of older cases holding that the federal courts do not have any jurisdiction to look into the discharge of the employees of a state or its subdivisions. See e. g. Ex Parte Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402; Taylor v. Beckham, 178 U.S. 548, 20 S.Ct. 890, 44 L.Ed. 1187. And, of course, there will be some cases where sovereign immunity is involved.

But this case seems to be the first case since Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, where a discharged state employee has asserted that he held a protected status which he was deprived of by fraud in the state administrative process.

We think under Bell v. Hood, supra, we must hold that the allegations were good enough to assert jurisdiction. See Lowe v. Manhattan Beach City School District, 9 Cir., 222 F.2d 258, and Agnew v. City of Compton, 9 Cir., 239 F.2d 226. Also, 8 Stanford Law Review 123. A judgment rendered merely erroneously

by the district court in favor of Hicks ought to be valid against collateral attack.

The employee is entitled to protection against arbitrary power or action. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216; Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692. By that we mean due process.

But the federal courts are not the sole repository of the 14th Amendment. The courts of 48 states, not the smallest of which is California, operate under it. The charges against the California courts' determination of Hicks' complaint are no more than that the California courts ruled in error.

Here, while we hold bare jurisdiction did exist, there is the gravest doubt whether plaintiff stated a federal cause of action. And he has attempted to secure not a choice of jurisdiction but the exercise of successive jurisdiction. See American Automobile Ins. Co. v. Benedetto, 3 Cir., 58 F.2d 918, certiorari denied 287 U.S. 621, 53 S.Ct. 20, 77 L. Ed. 539. It might even be said that he seeks to "appeal" a decision on the indistinguishable claim pursued clear through California courts. The defendants in their motion to dismiss and memorandum combined therewith do not assert res judicata by name, but certainly in setting forth haec verba the decision of the California District Court of Appeal as an appendix to their motion to dismiss they assert the elements of res judicata. As a matter of fact, the attempt here to retry this case in the federal system amounts to legal frivolity, albeit that there is deadly earnestness on the part of Hicks and his counsel.

The case is remanded with instructions to vacate the order of dismissal of the action on the ground of lack of jurisdiction and to grant a summary judgment in defendant's favor on the ground of res judicata.