**Donald WHEELDIN and Admiral Dawson, Appellants,**

v.

**William WHEELER, Robert W. Ware, Eugene W. Biscailuz, Fidelity and Deposit Company of Maryland, a corporation, and Lumbermen's Mutual Casualty Co., a corporation, Appellees.**

**No. 16219.**

United States Court of Appeals
Ninth Circuit.

June 28, 1960.

A. L. Wirin, Fred Okrand, Hugh R. Manes, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Levine, Arline Martin, Asst. U. S.

Attys., Los Angeles, Cal., for appellees Wheeler, Ware and Fidelity & Deposit Co. of Maryland. Wright, Wright, Goldwater & Wright, Loyd Wright and Andrew J. Davis, Los Angeles, of counsel.

Harold W. Kennedy, County Counsel, Los Angeles County, Robert C. Lynch, Deputy County Counsel, Los Angeles, Cal., for appellee Biscailuz.

Before CHAMBERS, Chief Judge, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Appellants (plaintiffs below) were subpoenaed to appear before a committee of the United States House of Representatives proposing to conduct a hearing in Los Angeles. Thereupon, as plaintiffs they filed a complaint against William Wheeler (a committee investigator) and against Robert W. Ware (the United States marshal) and Eugene Biscailuz (sheriff of Los Angeles County, California) together with the sureties of the last two named. The sheriff and marshal, through their deputies, had served the subpoenas.

The complaint sought injunctive relief, a declaratory judgment as to validity of the subpoenas and money damages.

The claim for injunctive relief is now moot. The claim for a declaratory judgment was rejected upon the exercise of the judicial discretion permitted the trial court under the statute, 28 U.S.C. § 2201. The claim for money damages was dismissed as to all defendants on the ground of lack of jurisdiction of the subject matter. Diversity of citizenship was not asserted.

 The appeal from the judgment insofar as the request for injunctive relief is concerned is dismissed for the reason that the subject matter is now moot. As to the claim for declaratory relief, the judgment is affirmed for the reason that entertainment of the claim therefor was discretionary with the district court.

 The appeal on the claim for money damages under the alleged facts as against the marshal and the sheriff (and their sureties) is such an unjustified harassment of these two officers that we hold the claim and the appeal thereon is so legally frivolous that the appeal as to them must be and is dismissed.[1]

 As to House Investigator Wheeler, in the sense of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939,[2] we believe there was jurisdiction to entertain the claim for money damages.

At the proper time the district court can determine whether a claim was stated.

Affirmed, dismissed and reversed as indicated above.

1. See John v. Gibson, 9 Cir., 1959, 270 F. 2d 36; and Jimenez v. Barber, 9 Cir., 1958, 252 F.2d 550.

2. Cf. Lowe v. Manhattan Beach City School District, 9 Cir., 222 F.2d 258;

Hicks v. City of Los Angeles, 9 Cir., 240 F.2d 495; Agnew v. City of Compton, 9 Cir., 239 F.2d 226.