### NOH v. BABCOCK, Pros. Atty., et al.

### No. 1946.

District Court, D. Idaho, S. D.

Oct. 9, 1937.

Frank L. Stephan and J. H. Blandford, both of Twin Falls, Idaho, for plaintiff.

R. P. Parry and J. P. Thoman, both of Twin Falls, Idaho, for defendants.

CAVANAH, District Judge.

The case presents for consideration, upon the pleadings and stipulation of facts, the principal question as to the authority of the prosecuting attorney of Twin Falls county, Idaho, and the defendant Brackett, to prosecute the plaintiff in the probate court of the county, on a criminal complaint for the alleged unlawful herding, grazing, and pasturing of two bands of sheep upon a cattle range previously occupied by cattle as a spring and summer range usually and continuously used as a cattle range.

It appears from the stipulation of facts that during the month of June, 1934, Congress enacted a law for the purpose of promoting the highest use of the public domain of the United States and to stop injury thereto by preventing overgrazing and soil deterioration, and to provide for the improvement and development, and to stabilize the livestock industry dependent upon the public range, which is known as the Taylor Grazing Act, Act June 28, 1934, 48 Stat. 1269, 43 U.S.C.A. § 315 et seq. The Secretary of the Interior, pursuant to the provisions of the act, adopted rules and regulations, regulating the use and occupancy of the public range and establishing the boundaries of Grazing District No. 1, in the State of Idaho, and divided it into units which include the Cedar Butte Unit. Prior to March 12, 1936, plaintiff made ap-

plication to the Department of Interior for a grazing permit, and about that date received a communication from the Regional Grazer advising him that the advisory board of the Idaho No. 1 Grazing District had recommended allowance of his application for a temporary license to graze 1,-200 sheep, cattle, horses, and goats within the Cedar Butte Grazing Unit from April 1, to June 1, and November 1 to December 1, 1936, and, if he desired to protect the decision therein made, he should appear in person at a hearing to be held by the advisory board in Boise, Idaho, on March 31, 1936; that the advisory board of the district had prior to March 12, 1936, been created and organized under the rules and regulations of the Secretary of the Interior for the purpose of assisting in the administration of the Taylor Grazing Act, and that during that month a resolution was adopted by the board that the range in Grazing District No. 1 would be open to grazing on March 15, 1936, and close December 1, 1936. The plaintiff, on March 16, 1936, relying upon the resolution, proceeded to graze his sheep within the boundaries of the Cedar Butte Unit, and that a license was issued by the Department of Interior to him about April 1, 1936, authorizing him to graze 1,200 head of sheep in the Cedar Butte Unit. He received the license about the 4th or 5th of April, 1936. Since the issuance of the license he has claimed the right and authority under and by virtue of it to graze 1,200 sheep within the Cedar Butte Unit during the period beginning April 1, 1936, and ending June 1, 1936, and during the period beginning November 1, 1936, and ending December 1, 1936. At the time plaintiff procured the license he paid to the United States the sum of $18, being one-half of the fee for the total period. Under the notice of March 12, 1936, he proceeded to graze his sheep upon the Cedar Butte Unit and, after receiving the license from the Department of Interior, he continued to graze his sheep on the public domain under and by virtue of the license. On April 7, 1936, the defendant Brackett filed in the probate court of Twin Falls county, Idaho, a criminal complaint in which plaintiff was charged with unlawfully herding, grazing, and pasturing about two bands of sheep between the 18th day of March, 1936, and the 7th day of April, 1936, and permitted the same to be grazed and pastured upon a cattle range previously occupied by cattle and usually occupied by certain cattle growers as a spring, summer, and winter range for their cattle and being designated to be in sections 1, 2, 3, 10, 11, 14, and the east half of sections 15, 23, 26, township 13 south, range 4 E.B.M., and sections 26, 27, 34, 35, township 12 south, range 14 E.B.M., in Twin Falls county, Idaho.

The plaintiff thereafter appeared in the probate court and entered his plea of not guilty to the offense charged and filed a demurrer to the complaint in which he asserted that the complaint did not state sufficient facts to constitute a public offense and that the probate court did not have jurisdiction of the person of the defendant or of the subject of the action, which was overruled by the court, and thereafter at the trial of the cause the plaintiff was found guilty as charged in the complaint and fined $1. On May 2, 1936, plaintiff filed in the probate court a notice of appeal from the judgment of the court, which was taken to the state district court, and there the demurrer of the defendant was also overruled by the court; that between the 15th day of March, 1936, up to and including April 17, 1936, the plaintiff grazed, and continued to graze, his 1,200 head of sheep upon the Cedar Butte Unit, and claims that he had, and now has, the right so to do under and by virtue of the Taylor Grazing Act, the temporary permit of March 12, 1936, and license granted to him about April 1, 1936.

The Cedar Butte Unit comprises approximately 288,000 acres, a large portion of which is, and has for a long time been, used for grazing sheep, and other portions of it are and have been used for grazing both sheep and cattle and have been previously occupied by cattle and sheep growers as a spring, summer, and winter range for cattle. The defendant Brackett and other cattle men have used exclusively as a cattle range sections 4 to 9, inclusive, and sections 16 to 36 in township 12 and all of township 13 south of range 14 E.B.M., Twin Falls county, Idaho, being a portion of the Cedar Butte Unit and which lie and are adjacent to one of the ranches of the defendant Brackett. During the times in question in the year 1936, plaintiff has permits to range his sheep in the grazing unit mentioned and the defendant Brackett had permits under the Taylor Grazing Act to range his cattle within the unit. The defendant Brackett does not deny or contest the right of the plaintiff to range and graze his sheep upon all those portions of the unit which had been previously or cus-

tomarily used as a sheep range or as a joint sheep and cattle range, as he only denies the right of the plaintiff to range his sheep upon those lands described which he claims had been previously and customarily used as a cattle range and a range usually occupied by cattle growers as a spring, summer, and winter range, while the plaintiff claims that under and by virtue of the permit and license given to him under the Taylor Grazing Act he has the right to range and graze his sheep on any and all portions of the Cedar Butte Unit, which defendant Brackett concedes him such right except only such part of the Cedar Butte Unit as has been previously occupied by cattle and which is range usually occupied by cattle growers as a spring, winter, or summer range as determined by priority usual and customary in that vicinity.

Under the facts thus stated the plaintiff seeks to restrain the defendants from further proceeding to trial in the criminal proceedings in the state district court, which presents the primary question as to what is the correct interpretation and extent of the Taylor Grazing Act and the application of section 24-1607, I.C.A. The Taylor Grazing Act under which plaintiff claims the right to graze his sheep in the Cedar Butte Unit, after receiving the temporary license, provides, sections 2, 3, 16, 43 U.S.C.A. §§ 315a, 315b, 315n: "[That] the Secretary of the Interior shall make provision for the protection, administration, regulation, and improvement of such grazing districts as may be created under the authority of the foregoing section, and he shall make such rules and regulations and establish such service, enter into such cooperative agreements, and do any and all things necessary to accomplish the purposes of this Act [chapter] and to insure the objects of such grazing districts, namely, to regulate their occupancy and use, to preserve the land and its resources from destruction or unnecessary injury, to provide for the orderly use, improvement, and development of the range."

"That the Secretary of the Interior is hereby authorized to issue or cause to be issued permits to graze livestock on such grazing districts to such bona fide settlers, residents, and other stock owners as under his rules and regulations are entitled to participate in the use of the range, upon the payment annually of reasonable fees in each case to be fixed or determined from time to time."

"Nothing in this Act [chapter] shall be construed as restricting the respective States from enforcing any and all statutes enacted for police regulation, nor shall the police power of the respective States be, by this chapter, impaired or restricted, and all laws heretofore enacted by the respective States or any thereof, or that may hereafter be enacted as regards public health or public welfare, shall at all times be in full force and effect: Provided, However, That nothing in this section shall be construed as limiting or restricting the power and authority of the United States."

The section of the state statute, Code Idaho 1932, § 24-1607, under which the criminal proceedings were initiated provides: "Any person owning or having charge of sheep, who herds, grazes or pastures the same, or permits or suffers the same to be herded, grazed or pastured, on any cattle range previously occupied by cattle, or upon any range usually occupied by any cattle grower, either as a spring, summer or winter range for his cattle, is guilty of a misdemeanor; but the priority of possessory right between cattle and sheep owners to any range, is determined by the priority in the usual and customary use of such range, either as a cattle or sheep range."

We must not forget that we are now considering the use of territory comprising the public domain of the United States over which Congress has exclusive power to prescribe the manner of its use, and the sole question here is, Has Congress in the Taylor Grazing Act restricted the state from enacting a statute prescribing its use, that may run counter to the authority of the Secretary of the Interior to issue or cause to be issued permits to graze livestock in the grazing districts designated by him and the manner of doing so, or has merely recognized authority in the state to enforce its statute relating to police regulations and the public health and public welfare, where it does not run counter to the National Grazing Act granting to the Secretary of the Interior authority to issue permits to graze livestock on the public domain under such regulations as he may prescribe? The national act and the state statute we are considering do not seem very difficult of interpretation as their language seems clear.

The scope of the national act and its purpose is to conserve the public range.

It provides primarily for the orderly use of their grazing resources and does not attempt to dispose of the public lands. Attention is called to the report of the committees in Congress on public lands and their interpretation of the act where it is said: "that occupants and settlers on land within or near a district who are to be given preference to range privilege use as may be necessary to permit proper use of lands occupied by them, and in so far as consistent with the purposes of the bill, grazing rights recognized by local customs, laws, and decisions of the Court, are also to be acknowledged and safe-guarded. Free grazing within such district is authorized for livestock kept for domestic purposes." And it is urged by the defendants that both the act and the committee's report recognize the right of the state to enact the state statute upon which the criminal complaint here is predicated.

An analysis of the National Grazing Act which was enacted since the rendering of the decisions of the Supreme Court of the United States and the state of Idaho, as to extending the police power of the state over the public domain, discloses that Congress intended to grant to the Secretary of the Interior exclusive power over granting permits to the use of the public domain, which supersedes the police power or regulations of the state as to the right of use of the federal public domain, as Congress has by the national act conferred upon citizens the right to graze stock upon the federal public domain after receiving a permit or license from the Secretary of the Interior or those he may designate, and when such license or permit is issued it grants the right to a citizen to graze livestock in the district designated and he cannot be subjected to prosecution under the state statute because he is there grazing sheep, and is only subject to the enforcement of the police power of the state where circumstances arise as to the conduct of those bordering on breaches of the peace and the avoidance of physical conflicts between cattle and sheep owners in case of invasion of cattle ranges by sheep herders, and in the protection of the health or public welfare. To say that section 24-1607, I.C.A., after the enactment of the Taylor Grazing Act, still grants to the state power to prosecute one who has issued to him a permit or license from the government to use and graze sheep upon a designated portion of the public range, because it had been previously occupied by cattle, or a range usually occupied by a cattle grower under the police power of the state, would nullify the provision in the Taylor Grazing Act granting to the Secretary of the Interior authority to grant the right to graze livestock upon the federal public domain. The Taylor Grazing Act is broad in its operation, as it grants the right to graze livestock, whether cattle or sheep, and the state now has no power under its police regulations to make it an offense for one who has a permit or license from the government to graze sheep on any public range because it had previously been a cattle range or range usually occupied by cattle growers. The provision in the Taylor Grazing Act that it shall not be construed as restricting the state from enforcing its statute enacted for police regulation or regarding public health or public welfare cannot under the facts in the present case be applied or extended to the use of the federal public range, where Congress has exercised its power under the Constitution, but only in the instance above stated, and when not in conflict with the Federal Constitution or statutes. This would seem to be the reasoning advanced by Mr. Justice Brandeis in the case of Omaechevarria v. State of Idaho, 246 U.S. 343, 38 S.Ct. 323, 62 L.Ed. 763, where the same state statute was interpreted by the court, and when there was no legislation by Congress on the subject. The court in that case upheld the state statute and extended the police power of the state over the public domain when there was no legislation by Congress on the subject and no right held from the government to graze stock upon the public land, as the government there had merely suffered the lands to be so used. The same view was taken by the Supreme Court of Idaho in the case of State of Idaho v. Horn, 27 Idaho 782, 152 P. 275.

It seems firmly settled that the Constitution vests in Congress the power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." Article 4, § 3. The Taylor Grazing Act grants exclusive authority to the Secretary of the Interior to grant permits or licenses for the use of grazing livestock upon the federal public domain, and, when that is done, one having such a permit or license to graze sheep upon a designated range is protected from any attempt of the state to exclude such use by him of the public range.

Giving effect to the views thus expressed, the relief prayed for in the bill is granted, and the defendants are enjoined from proceeding further with the proceedings pending in the state district court, with costs.