BABCOCK, Pros. Atty. of Twin Falls County, Idaho, et al. v. NOH.

No. 8777.

Circuit Court of Appeals, Ninth Circuit.
Oct. 19, 1938.

Walters, Parry & Thoman, R. P. Parry, and J. P. Thoman, all of Twin Falls, Idaho, for appellants.

Frank L. Stephan and J. H. Blandford, both of Twin Falls, Idaho, for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

On April 7, 1936, appellee was charged in the probate court of Twin Falls County, Idaho, with the offense of grazing sheep on a cattle range, in violation of Sec. 24-1607 of the Idaho Code.[1] He appeared, entered a plea of not guilty, and interposed a demurrer on the ground that the criminal complaint failed to state facts sufficient to constitute a public offense and that the court had no jurisdiction over his person or to the subject matter. The demurrer was overruled, and upon a trial appellee was found guilty and fined the sum of one dollar. He appealed to the district court for the county, where his demurrer was again presented and overruled.

At this juncture appellee brought the present suit in the United States court for Idaho asking injunctive relief from further prosecution in the criminal action pending in the state court.[2] He joined as defendants the prosecuting attorney of the county and the complaining witness who had subscribed to the criminal complaint. In his bill he alleges the organization of a grazing district pursuant to the provisions of the act of Congress commonly known as the Taylor Act, 48 Stat. 1269, 43 U.S.C.A. § 315 et seq.,[3] and states that the Cedar Butte unit of this grazing district embraces, among other lands, the lands claimed in the criminal complaint to be cattle range.

It is averred in the bill that on March 12, 1936, appellee obtained from the Department of the Interior a grazing permit, and that prior to April 1 of that year authority to graze his sheep on the Cedar Butte unit was given him by the advisory board of the district. A license was thereupon issued appellee entitling him to graze his sheep on the named unit for the period from April 1, 1936, to June 1 of that year, and from November 1 until December 1 of the same year. Appellee, it is averred, then proceeded to pasture his sheep on the unit by virtue of the license, and was thereafter arrested in consequence of the filing of the criminal complaint against him by the appellant Brackett.

It is conceded that until the passage of the Taylor Grazing Act the Idaho statute making it a misdemeanor to graze sheep on a cattle range was a valid exercise of the police power of the state. Omaechevarria v. Idaho, 246 U.S. 343, 38 S.Ct. 323, 62 L.Ed. 763. But appellee contends that the state statute has been abrogated insofar as it affects the grazing of livestock on public land included within any district created under the provisions of the Taylor Act. Agreeing with appellee in this contention, the trial court permanently enjoined appellants from the further prosecution of the criminal action pending in the district court of the state. This appeal followed.

In support of the decree appellee argues broadly that a court of equity may enjoin a criminal prosecution under a void statute where such prosecution amounts to a wrongful invasion of a property right, citing Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402; Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255, and other similar cases. However, the present suit is not within the principle announced in these authorities. What was sought in those cases was relief against threatened, not pending, prosecutions; and in them the court proceeded upon the view that one is not compelled to test the constitutionality of an act by first incurring drastic penalties attached to its violation, but may, under extraordinary circumstances, appeal to equity for

---

1 "24-1607. Grazing sheep on cattle range.—Any person owning or having charge of sheep, who herds, grazes, or pastures the same, or permits or suffers the same to be herded, grazed or pastured, on any cattle range previously occupied by cattle, or upon any range usually occupied by any cattle grower, either as a spring, summer or winter range for his cattle, is guilty of a misdemeanor; but the priority of possessory right between cattle and sheep owners to any range, is determined by the priority in the usual and customary use of such range, either as a cattle or sheep range."

2 Under the state practice, misdemeanor cases appealed to the district court are tried de novo.

3 The act (approved June 28, 1934) authorizes the Secretary of the Interior to establish grazing districts, not exceeding in the aggregate a specified acreage, of vacant, unappropriated and unreserved lands from any part of the public domain.

relief against the invasion of his property rights through the threatened enforcement of the statute. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927; Terrace v. Thompson, supra. Here, no threat of the institution of other criminal proceedings under the act is alleged in the bill or found to have been made. The relief sought is against the further prosecution of the pending case. Compare Ritholz v. North Carolina State Board, D.C., 18 F.Supp. 409, 412.

The constitutional question said to be for determination by the Federal court is one which the state court is competent to deal with in the criminal action pending before it. Its decision of the Federal question is subject to ultimate review in the Supreme Court of the United States. An adequate legal remedy is thus available. Fenner v. Boykin, supra. There is plainly no warrant for equitable interference with the proceedings in the state tribunal, even in the absence of the prohibition against such interference contained in § 265 of the Judicial Code, 28 U.S.C.A. § 379.[4] Concerning the scope of this prohibition see Hill v. Martin, 296 U.S. 393, 403, 56 S. Ct. 278, 282, 80 L.Ed. 293; Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 361, 42 S.Ct. 318, 319, 66 L.Ed. 658.

Decree reversed and a dismissal ordered.

HANEY, Circuit Judge, concurs in the result.

4 "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."