**Petition of BUSCAGLIA, Treasurer of Puerto Rico, et al.**
**No. 4042, Original.**

Circuit Court of Appeals, First Circuit.
Nov. 4, 1944.

Francis M. Shea, Asst. Atty. Gen., David L. Kreeger, Sp. Asst. to Atty. Gen., and Fowler Harper, Sol. of Interior, and Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, both of Washington, D. C., for petitioners.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

The present petition for writs of prohibition and mandamus presents a curious aftermath to our decision in Buscaglia v. District Court of San Juan, 1 Cir., 145 F.2d 274.

As appears from our opinion in that case, The District Court of the Judicial District of San Juan on July 12, 1944, entered an order restraining certain Puerto Rican offi-cials constituting the Insular Emergency Council from making any further allocation of insular funds for emergency relief purposes. The case was properly taken by the Supreme Court of Puerto Rico on certiorari, and on July 13, 1944, that court ordered the restraining order of the District Court suspended until the question presented could be heard and decided on its merits by the Supreme Court. On July 28, 1944, the Supreme Court of Puerto Rico handed down its opinion, and entered an order annulling its order of July 13, 1944, and reinstating the restraining order of the District Court. The case was appealed to this court, and on August 5, 1944, we entered an order staying all proceedings under the order of the Supreme Court of Puerto Rico dated July 28, 1944, until our further order. The result of this was to leave in effect for the time being the order of the Supreme Court of Puerto Rico dated July 13, 1944, suspending the restraining order of the District Court.

We heard the case on the merits on August 23, 1944, and on October 24 handed down our opinion affirming the order of the Supreme Court of Puerto Rico dated July 28, 1944, from which appeal had been taken to us.

Under our Rule 35, our mandate on appeals from Puerto Rico does not go down to the court below until after the lapse of thirty days unless otherwise ordered. Meanwhile, the losing parties have an opportunity to petition us for rehearing or to apply to the Supreme Court of the United States for a writ of certiorari if so advised.

We saw no reason why this customary breathing spell should not be afforded to the appellants in Buscaglia v. District Court of San Juan, which involved novel and difficult questions of law. Indeed, there was special justification in the particular case for us to withhold our mandate for the usual period because of the widespread distress which might be caused in Puerto Rico by the sudden cessation of the emergency relief program before the responsible government officials had an opportunity to pursue their further right to petition for review in the Supreme Court of the United States or take counsel as to what other steps should be followed to meet the emergency situation.

Therefore, when we handed down our opinion on October 24, 1944, we consciously and deliberately refrained at that time

from vacating our stay order of August 5, 1944. At the present time, the case of Buscaglia **v.** District Court of San Juan still remains wholly within our jurisdiction. At our direction, the clerk of this court on October 30, 1944, wrote to counsel for appellants that this court "has entered no order vacating the order of August 5, 1944, which stayed proceedings until further order of the court. In the absence of any such further order, said order of August 5th will remain in effect until mandate issues, on November 24, 1944."

The petition now before us for writs of prohibition and mandamus is filed by the persons who were appellants in the case of Buscaglia v. District Court of San Juan. The petition recites certain events which have taken place in Puerto Rico since our opinion in that case was handed down on October 24, as follows:

"9. On October 27, 1944, Celestino Iriarte Miro, the plaintiff in the district court of San Juan in the proceedings in which this court entered its stay order of August 5, 1944, filed a motion with Hon. M. Romani, District Judge of the said District Court, requesting that the defendants in said proceedings (petitioners herein) be summoned for contempt. On the same day Judge Romani issued an order reciting the allegations of the motion and notifying petitioners thereof.

"9a. On October 28, 1944, petitioners filed an application in the Supreme Court of Puerto Rico for a writ of prohibition to Judge Romani, prohibiting further proceedings under the aforesaid order of October 27, 1944. The Supreme Court, after consideration, denied said writ of prohibition on the ground that any order entered by Judge Romani in the contempt proceedings would be appealable.

"9b. On October 30, 1944, notwithstanding the stay order of this court dated August 5, 1944, and in derogation and disregard thereof, Judge Romani, ordered the arrest of all the petitioners for failing to comply with the restraining order entered by him on July 12, 1944, restraining petitioners from expending any funds from the Insular Treasury for the purposes of Act No. 16 [Laws 1942, 2d & 3d Sp.Sess.], as amended. Said arrest order directed the imprisonment of petitioners for an indeterminate period, i. e., until they should appear in open court and agree to comply

with said District Court order of July 12, 1944.

"9c. Whereupon, counsel for petitioners on the same day appealed to the Supreme Court of Puerto Rico from said arrest order of October 30, 1944, and immediately applied to Judge Romani for an order fixing the amount of bond to enable the release of petitioners pending appeal. Judge Romani on the same day denied this application on the ground that his arrest order of October 30, 1944 was not appealable. In the meantime, petitioners were imprisoned.

"The view expressed by Judge Romani in this connection was that the order of affirmance by this Court in the case of Buscaglia v. District Court No. 4022, rendered on October 24, 1944, was self-executory and placed the District Court's restraining order of July 12, 1944, in force and effect without the need for a mandate ordering its execution; and that the said order of affirmance suspending the effectiveness of the stay order of this Court dated August 5, 1944.

"10. On October 31, 1944, the Supreme Court of Puerto Rico issued a writ of certiorari to said District Judge Romani in the contempt proceedings, and ordered the matter set for oral argument on November 10, 1944. Also on October 31, 1944, the Supreme Court entered an order releasing petitioners upon their personal bond of $1000. each, and suspending the effect of the arrest order of the District Court until November 10, 1944.

"11. On Sunday, October 29, 1944, the Hon. Alberto S. Poventud, Judge of the District Court for the Judicial District of Ponce, Puerto Rico, in a suit filed on that day by one Miguel Alvarez, a taxpayer of Puerto Rico, against petitioners, similar in every respect to the suit filed by Celestino Iriarte Miro on July 28, 1944, issued an order similar to the order issued by Judge Romani on July 12, 1944, restraining petitioners in their official capacities from disbursing any funds of the Insular Treasury for the purposes of Act No. 16 as amended.

"12. On November 1, 1944, the Supreme Court of Puerto Rico issued a writ of certiorari to said District Judge Poventud, ordering the aforesaid matter set for oral argument on November 2, 1944, and also entered an order restraining petitioners from [disbursing] any funds for the War Emergency Program under Act

No. 16 as amended, except such funds as might be necessary for the conservation and preservation of the property of the War Emergency Program.

"13. On November 1, 1944, a taxpayer of Puerto Rico filed a third suit, similar in all respects to the suit filed by Celestino Iriarte Miro on June 28, 1944, also before Hon. Marcelino Romani, Judge of the District Court for the Judicial District of San Juan, Puerto Rico, to restrain petitioners from disbursing any funds of the Insular Treasury for the purposes of Act No. 16 as amended. Also on November 1, 1944, the said District Court issued a temporary restraining order against petitioners, restraining them from expending any funds of the Insular Treasury for the purpose of said Act No. 16."

The prayers of the petition are as follows:

"1. That a writ of prohibition may issue out of this Honorable Court to the justices of the Supreme Court of Puerto Rico, the judges of the District Courts of Puerto Rico for the Judicial Districts of San Juan and Ponce, and all other judges and officers of the said courts, prohibiting them from taking any steps whatsoever in the causes aforesaid other than to dismiss the matters now pending before the respective courts for want of jurisdiction, and generally from the further exercise until further order of this court, of jurisdiction in said causes, or the enforcing of any order, judgment or decree made under color thereof.

"2. That a writ of mandamus may issue out of this Honorable Court directing and commanding the justices of the Supreme Court of Puerto Rico, the judges of the District Courts of Puerto Rico for the Judicial Districts of San Juan and Ponce, and such other judges of the said courts as may be assigned to hear the matters now pending before said courts, to vacate the orders of October 30, 31, 1944, and November 1, 1944, so entered by them (described in paragraphs 9, 10, 11 and 12, supra), and to strike and dismiss the matters pending before those courts for want of jurisdiction.

"3. That pending the hearing and determination of the petition for a writ of mandamus or prohibition, this Court issue an order staying the aforesaid orders of October 30, October 31 and November 1, 1944.

"4. That the Court grant to petitioners such other and further relief as may be just in the premises."

As the case now stands, we shall for the present withhold the issuance of a show cause order directed to the respondents named in the petition, without prejudice, however, to a renewal of petitioners' application if, in the light of subsequent developments, petitioners are so advised.

The restraining orders alleged to have been issued by the District Court for the Judicial District of Ponce and by the District Court for the Judicial District of San Juan in the subsequent proceedings brought by other taxpayers for whose benefit the original suit was instituted are, in our opinion, in derogation of our stay order of August 5, 1944, and defeat the purpose of that stay order, which was to leave the appellants free from any restraining order forbidding expenditures for the emergency relief program until this court should finally relinquish jurisdiction of the original case. But, so far as the allegations in the petition disclose, we are entitled to assume that the petitioners have an adequate remedy in the Supreme Court of Puerto Rico. The injunction proceeding which had been instituted in the District Court for the Judicial District of Ponce was immediately removed to the Supreme Court of Puerto Rico on writ of certiorari and was set down for oral argument on November 2, 1944. We are not informed what further action the Supreme Court has taken in that matter. That court has full power promptly to protect our jurisdiction by an appropriate order. So far as the contempt proceeding is concerned, the respondents therein (the present petitioners) are out on bail, and the Supreme Court of Puerto Rico, which took that case up on certiorari, has set it down for hearing on November 10. From what we have previously said, it is obvious that the restraining order issued by the District Court of San Juan was not in effect at the time of the acts charged to be in violation of it and, indeed, is still suspended as a result of our stay order of August 5, 1944. We have no reason to suppose that the Supreme Court of Puerto Rico will not in due course enter an appropriate order in the contempt proceedings.