## ALGONQUIN GAS TRANSMISSION CO. v. TOWNSHIP OF BERNARDS IN SOMERSET COUNTY.

Clv. A. 1109–52.

United States District Court
D. New Jersey.

March 11, 1953.

Autenrieth & Rochester, Newark, N. J., for plaintiff.

Anthony P. Kearns, Newark, N. J., for defendant.

FORMAN, Chief Judge.

This is a suit by Algonquin Gas Transmission Company, a Delaware corporation, to enjoin the defendant, The Township of Bernards, a municipal corporation of New Jersey, from prosecuting the plaintiff on charges arising out of any alleged violation of a certain municipal ordinance promulgated by the defendant. It is before the court on plaintiff's motion for a preliminary injunction and defendant's motion to dismiss the complaint.

The compliant alleges that on February 26, 1951, the Federal Power Commission issued to the plaintiff a certificate of public convenience and necessity authorizing it to construct and operate a pipe line for the transmission of natural gas through and into the states of New Jersey, New York, Connecticut, Rhode Island and Massachusetts. After receiving this certificate the plaintiff laid out the route of its proposed gas transmission line and commenced acquisition of the necessary rights, permits, licenses and authorities from owners of land to be traversed by the pipe line and from state, county and municipal governing bodies, agencies or authorities having interests in roads, streets or other facilities devoted to public use.

It was further alleged that during the summer of 1951 representatives of the plaintiffs met with members or representatives of the defendant's Township Committee, Planning Board and Zoning Board of Adjustment with respect to the proposed location of the pipe line through the municipality, after which plaintiff selected a route through the town, utilizing various public roads or streets. On October 25, 1951, the defendant enacted Ordinance No. 21, requiring a permit to be obtained before excavation of streets and regulating such excavation in a number of ways. Plaintiff made application for permits pursuant to this ordinance, and between July 4, 1951, and March 1, 1952, acquired from owners of the soil within the limits of the streets to be used the right to install its main line gas transmission pipe line. On April 1 and 8, permits were issued to the plaintiff pursuant to the Ordinance No. 21 authorizing excavation of the streets, and on about May 1, 1952, the plaintiff began to install its pipe line in the defendant township.

On about May 20, 1952, the complaint alleges, there was introduced before the Township Committee of the defendant Ordinance No. 26, which was enacted and became effective on June 3, 1952. It prohibited anyone from making

"* * * any use of any street * * * in the Township of Bernards * * * unless and until, after petition and notice as required by the statute, the consent be granted and acceptance thereof be filed in accordance with Article 3 of Chapter 3 of Title 48 of the Revised Statutes of New Jersey

(R.S. 48:3–11 et seq., as amended [N.J. S.A.])."

By its terms each day on which a violation of the ordinance occurred is deemed a separate offense and each offense is punishable by a fine of not more than $200 or imprisonment for not exceeding 90 days or both. The plaintiff asserted that Ordinance No. 26 was invalid and the defendant instituted an action for a penalty against the plaintiff for a failure to comply with it, alleging a violation on October 18, 1952.

The plaintiff urges the invalidity of the ordinance on the grounds that it constitutes an unreasonable burden on interstate commerce; it is not authorized by state law; it is an improper exercise of the municipality's police power; and the State of New Jersey has preempted the field of permissible police regulation of the plaintiff's activities. Asserting that if the ordinance was violated on October 18, 1952, it has been violated every day since then, on account of which it will be subjected to a multiplicity of suits, and that it is without an adequate remedy at law, plaintiff prays:

"* * * that defendant, its officers, agents, servants and employees be restrained and enjoined from prosecuting plaintiff, its agents, servants, contractors or employees on any charge arising out of any alleged violation of said Ordinance No. 26, that the Municipal Court of the Township of Bernards be stayed from taking any further steps in any proceedings now or hereafter pending before it arising out of any alleged violation of said Ordinance No. 26, that the said Ordinance No. 26 be declared invalid and inoperative and that ad interim and temporary relief be granted, restraining the prosecution of any actions or proceedings by or on behalf of the defendant, its officers, agents, servants and employees, or before the Municipal Court of the Township of Bernards pending final hearing and disposition of this complaint, and that plaintiff have such other relief as may be just and proper in the premises."

The plaintiff moved for a preliminary injunction restraining the defendant, pending the determination of this suit, from prosecuting the plaintiff on any charges arising out of any alleged violation of Ordinance No. 26 and restraining the Municipal Court of the defendant township from taking any further steps in any proceeding now or hereafter pending before it against the plaintiff arising out of any alleged violation of the ordinance.

In its answer the defendant municipality alleged that the plaintiff's certificate of public convenience and necessity had been set aside and held void by judicial decision and denied the invalidity of Ordinance No. 26. As separate defenses the defendant asserted that because the plaintiff complied with Ordinance No. 21 it is estopped from denying authority of the defendant over the roads and streets; that as the fine is only for $200, the requisite jurisdictional amount of $3,000 is lacking; that as the plaintiff had no certificate of public convenience and necessity on or after the date of the alleged violation, it had and has no authority to engage in interstate commerce, and this court lacks jurisdiction; and that the ordinance is a reasonable exercise of the police power under the Constitution and laws of New Jersey.

The defendant moved for dismissal of the complaint on the ground that the court has no jurisdiction in that the plaintiff, lacking a valid certificate of public convenience and necessity, is not and has not been engaged in interstate commerce.

In affidavits submitted by the plaintiff and at the hearings on the motions, it was brought out that the plaintiff's pipe line crosses New Jersey and is designed ultimately to serve points in New Jersey, Connecticut, Rhode Island and Massachusetts. The pipe line is complete from its point of origin to its point of termination, the section through Bernards Township having been finished by about June 30, 1952. Though the line has not yet been put into operation, on or about August 18, 1952, the pipe line from its point of origin at Mt. Airy, New Jersey, to approximately the point of the first lateral interconnection at Parsippany-Troy Hills Township, New Jersey, was made ready for operation by introduction of natural gas. As Bernards,

the defendant township, is located between these two points, gas was introduced into the pipes running through that township. This use by the plaintiff of its pipe line on October 18, 1952, without having complied with Ordinance No. 26, is the defendant's grounds for prosecuting the plaintiff in the Municipal Court for the violation of the ordinance.

The plaintiff's operations were authorized by the certificate of public convenience and necessity issued by the Federal Power Commission on February 26, 1951. In an opinion filed April 4, 1952, however, the action of the Federal Power Commission was set aside by the Court of Appeals, Third Circuit, on the grounds that a rival gas transmission company should have been permitted to intervene before the Federal Power Commission, Northeastern Gas Transp. Co. v. Federal Power Comm., 1952, 195 F.2d 872, certiorari denied 1952, 344 U.S. 818, 73 S.Ct. 31.

Rule 36(2) of the Rules of the United States Court of Appeals for the Third Circuit provides:

"Certiorari to Supreme Court—Duration of Stay. In any case where a stay of the mandate is applied for on the ground that it is desired to make application to the Supreme Court of the United States for a writ of certiorari, such stay will be made for a further period of 30 days, and if within the said period of 30 days, there shall be filed with the clerk of this court a certificate from the clerk of the Supreme Court to the effect that there has been filed in that court the certiorari petition, record and brief, and proof of notice thereof as required by the Supreme Court, the stay of the mandate of this court shall continue until final disposition of the case by the Supreme Court * * *."

The plaintiff applied for a stay of the mandate of the Court of Appeals on the ground that it desired to make application to the Supreme Court for a writ of certiorari and received a stay until May 19, 1952. Plaintiff filed its petition for certiorari and related papers, and the Court of Appeals received the certificate thereof from the Clerk of the Supreme Court on May 19, 1952. Consequently its mandate was further stayed until final disposition of the case by the Supreme Court.

The Supreme Court denied certiorari by a decision rendered October 13, 1952, Algonquin Gas Transmission Co. v. Northeastern Gas Transmission Co., 344 U.S. 818, 73 S.Ct. 13. A motion to withhold the order denying certiorari was made, and it was denied on October 20, 1952, Algonquin Gas Transmission Co. v. Northeastern Gas Transmission Co., 344 U.S. 850, 73 S.Ct. 89. The order denying certiorari issued and was filed in the Court of Appeals October 22, 1952, and thereupon, pursuant to Rule 36(2) a mandate of that court was issued for the first time. The mandate was docketed with the Federal Power Commission on October 27, 1952, and on October 31, 1952, the Federal Power Commission reopened the proceedings wherein it had granted the plaintiff the certificate in question and consolidated the proceedings with others wherein Northeastern was an applicant for a certificate. Hearings commenced November 25, 1952, and are now in progress.

Were the plaintiff operating pursuant to a valid certificate of public convenience and necessity, it would be clear that this case would arise under an Act of Congress regulating commerce, namely, the Natural Gas Act, 15 U.S.C.A. § 717 et seq., and this court would have jurisdiction of the cause by virtue of 28 U.S.C. § 1337,[1] Transcontinental Gas Pipe Line Corp. v. Borough of Milltown, D.C.N.J.1950, 93 F.Supp. 287; see A. F. of L. v. Watson, 1946, 327 U.S. 582, 591, 66 S.Ct. 761, 90 L.Ed. 873.

The basis of the defendant's motion to dismiss the complaint for lack of jurisdiction is that on April 4, 1952, the Court of Appeals ordered that the Federal Power Commission's action granting a certificate of public convenience and necessity be set

1. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

aside and that the act for which the plaintiff is being prosecuted did not occur until October 18, 1952. Therefore, defendant contends, inasmuch as plaintiff's certificate was declared void, the plaintiff was not engaged in interstate commerce when the violation occurred and when the suit was instituted.

I conclude that this court has jurisdiction of this cause as a civil proceeding arising under an Act of Congress regulating commerce for two reasons.

 First, as the Court of Appeals had stayed its mandate, the actions for which the plaintiff is being prosecuted occurred at a time when it was still operating pursuant to a certificate of public convenience and necessity. The effect of a stay of a mandate by the Court of Appeals is to continue the status quo for the period specified in the stay, Petition of Buscaglia, 1 Cir., 1944, 145 F.2d 428. Cf. City of Yonkers v. United States, 1944, 321 U.S. 745, 64 S.Ct. 517, 88 L.Ed. 1048; Merrimack River Savings Bank v. City of Clay Center, 1911, 219 U.S. 527, 31 S.Ct. 295, 55 L.Ed. 320. Therefore the plaintiff was storing gas in its pipes in Bernards Township on October 18, 1952, under its certificate, for the mandate of the Court of Appeals to the Federal Power Commission to set aside this certificate was not issued until October 22, 1952.

 Second, regardless of the status of the plaintiff's certificate, it is an instrumentality of interstate commerce subject to the jurisdiction of the Federal Power Commission pursuant to the Natural Gas Act, Illinois Natural Gas Co. v. Central Illinois Public Service Co., 1942, 314 U.S. 498, 62 S.Ct. 384, 86 L.Ed. 371. Its purpose is still to transport gas through New Jersey into certain of the New England states. It is now engaged in proceedings before the Federal Power Commission seeking reinstatement of its certificate or issuance of a new one. Even were such a certificate denied, it would appear that disposal of its facilities would be a matter for the Commission to regulate, 15 U.S.C.A. § 717f. The theory of the complaint is that Ordinance No. 26 conflicts with rights of the plaintiff under the Natural Gas Act, and a suit to protect such a claim of right is a suit arising under a federal law regulating commerce within the meaning of 28 U.S.C. § 1337, A. F. of L. v. Watson, supra.

Though this court has jurisdiction of the case, it does not necessarily follow that it should grant plaintiff's request for a preliminary injunction. Plaintiff's motion for such an injunction seeks, in effect, three things: (1) an order restraining the defendant from continuation of its criminal prosecution of the plaintiff for the alleged violation of the ordinance which occurred on October 18, 1952; (2) an order restraining the municipal court of the defendant township from taking any further steps in the pending proceedings against the plaintiff, and (3) an order restraining the municipality from instituting future proceedings against the plaintiff for violation of Ordinance No. 26.

 As to the first and second aspects of plaintiff's motion, it is an established rule of equity that a federal court will rarely enjoin a criminal proceeding pending in a state court, whether the injunction is framed as a restraint on the prosecuting officials, Ackerman v. International Longshoremen's & W. Union, 9 Cir., 1951, 187 F.2d 860, certiorari denied, 1951, 342 U.S. 859, 72 S.Ct. 85, 96 L.Ed. 646, or whether it was framed as a restraint on the court itself, Cooper v. Hutchinson, 3 Cir., 1950, 184 F.2d 119; see Ex parte Young, 1908, 209 U.S. 123, 163, 28 S.Ct. 441, 52 L.Ed. 714. The case of Babcock v. Noh, 9 Cir., 1938, 99 F.2d 738, concerned a plaintiff who had been charged in a state court with grazing sheep on a cattle range in violation of a state law. He asserted that his grazing was done pursuant to a grazing permit issued by the United States Department of the Interior and he asked the United States District Court to restrain the prosecuting attorney from further prosecution of the criminal action, contending that the state statute violated his constitutional rights. Reversing the district court decision 21 F.Supp. 519, to grant such an injunction, the Court of Appeals stated:

"* * * Here, no threat of the institution of other criminal proceedings under the act is alleged in the bill or found to have been made. The relief

sought is against the further prosecution of the pending case. \* \* \*

"The constitutional question said to be for determination by the Federal court is one which the state court is competent to deal with in the criminal action pending before it. Its decision of the Federal question is subject to ultimate review in the Supreme Court of the United States. An adequate legal remedy is thus available. \* \* \*" 99 F.2d at page 740.

■ Restraint of a pending criminal prosecution for violation of an unconstitutional state law has been denied even where the court deems it necessary to restrain threatened future prosecutions under the void statute, Cline v. Frink Dairy Co., 1927, 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146. The plaintiff gas transmission company in this case has not asserted grounds for equitable relief insofar as it seeks to restrain the defendant's officials from prosecuting and defendant's Municipal Court from hearing the pending criminal prosecution against the plaintiff for violation of Ordinance No. 26. Plaintiff has advanced serious objections to the ordinance, asserting it to be invalid both on the basis of state law and on the basis of federal law. These objections can be raised at the trial of the criminal action and at the appeal if the outcome is adverse to the plaintiff. The federal question can be raised in an appeal to the Supreme Court of the United States. It would be an abuse of discretion for this court to intrude in the pending criminal proceedings in the Municipal Court of the Township of Bernards.

■ As to the third aspect of plaintiff's motion, a request for an order restraining the municipality from instituting future criminal proceedings against the plaintiff for violation of Ordinance No. 26, such an order restraining enforcement of a state law will issue only if it is necessary to prevent irreparable injury which is clear and imminent. The case of Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, concerned a suit by certain members of the Jehovah's Witnesses sect to restrain threatened criminal prosecution of them in the state courts for violation of a city ordinance which prohibited solicitation of orders for merchandise without first procuring a license from the city and paying a license tax. The Court of Appeals reversed the district court which had enjoined the defendants from enforcing the ordinance against the plaintiffs. Though in a companion case the Supreme Court held the ordinance as applied to be unconstitutional, Murdock v. Pennsylvania, 1943, 319 U.S. 105, 63 S.Ct. 891, 87 L.Ed. 1292, it affirmed the Court of Appeals, holding that federal courts should restrain criminal cases arising under state laws only in exceptional cases. The Court declared:

"Notwithstanding the authority of the district court, as a federal court, to hear and dispose of the case, petitioners are entitled to the relief prayed only if they establish a cause of action in equity. Want of equity jurisdiction, while not going to the power of the court to decide the cause, Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 69, 56 S.Ct. 1, 3, 80 L.Ed. 47; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 181, 182, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166, may nevertheless, in the discretion of the court, be objected to on its own motion. Twist v. Prairie Oil [& Gas] Co., 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L. Ed. 1297; Commonwealth of Pennsylvania v. Williams, supra, 294 U.S. at page 185, 55 S.Ct. at page 385, 79 L.Ed. 841, 96 A.L.R. 1166. Especially should it do so where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court.

"The power reserved to the states under the Constitution to provide for the determination of controversies in their courts may be restricted by federal district courts only in obedience to Congressional legislation in conformity to the Judiciary Article of the Constitution. Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any

federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. [Cases cited.]

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. [Cases cited.] Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' [Cases cited.]

\* \* \* \* \* \*

"\* \* \* It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court. \* \* \*" 319 U.S. at pages 162–164, 63 S.Ct. at page 880.

The plaintiff here contends that it is faced with a danger of irreparable injury, grave and immediate, unless threatened prosecutions of it under Ordinance No. 26 are restrained, for each day in which gas is in the pipe constitutes a violation of the ordinance, subjecting the plaintiff to liability for a fine of $200 or, as to its employees, 90 days in jail or both. With this contention I cannot agree. The plaintiff has not shown that the defendant intends to harass it with numerous prosecutions; it has not shown that the operation of its gas transmission facilities, if and when it receives a new certificate of public convenience and necessity, would be curtailed by the municipality's future criminal proceedings, should any be brought. Further, as there is already a criminal suit pending against the plaintiff in the municipal court it has available to it a forum where it may raise its objections to the ordinance. Adequate procedures for appeal from the the judgment of the municipal court are available. Rule 2:11, New Jersey Rules of Criminal Practice. It would seem eminently desirable that the New Jersey courts pass upon the ordinance in the first instance, for the plaintiff advances serious questions as to its validity under state law as well as under federal law. Consequently plaintiff's motion for a preliminary injunction will be denied both as to restraint of the prosecution of the pending criminal suit and as to the restraint of future criminal suits.

As this court has jurisdiction of the cause, however, and as the plaintiff may be able to prove at a full hearing that threatened future criminal prosecutions will subject it to grave and irreparable injury, defendant's motion to dismiss for lack of jurisdiction will likewise be denied. As suggested in A. F. of L. v. Watson, supra, the ultimate disposition of this case may depend upon now unforeseeable events attendant upon the course of the litigation in the state proceedings.

Let an order in conformity with this opinion be submitted.